## Richmond

Forrest A. Marion v. Odell E. Terry.

Mary Ellen Marion, An Infant, Etc. v. Odell E. Terry.

November 29, 1971.

Record Nos. 7614 and 7615.

Present, All the Justices.

*Louis B. Fine* (*Howard I. Legum; Fine, Fine, Legum & Fine*, on brief), for plaintiff in error in Record Nos. 7614 and 7615.

*William M. Harris* (*Taylor, Gustin, Harris, Fears & Davis*, on brief), for defendant in error in Record Nos. 7614 and 7615.

Per Curiam.

Mary Ellen Marion brought an action against Odell E. Terry to recover damages for injuries she received when she was struck by an automobile operated by him. Her father, Forrest A. Marion, also brought an action against Terry to recover medical expenses incurred on behalf of his daughter and for loss of her services.

Discovery depositions of Mary Ellen, her two companions, and the defendant were taken. Based upon statements and admissions of Mary Ellen in her deposition, the defendant moved the court for entry of summary judgment in each case. The court sustained each motion and entered judgments for defendant. We granted a writ of error in each case.

The plaintiffs concede that a summary judgment may be entered

on discovery depositions in a proper case,[1] but contend that it was error for the trial court to do so under the evidence presented here.

The accident occurred in Norfolk on Tidewater drive, a four lane undivided street that runs north and south, at approximately 7 p.m. on January 3, 1970. Mary Ellen, in her deposition, stated that she, her sister and a girl friend were walking on the east sidewalk of Tidewater drive when two dogs began barking and coming toward them. A lady came out of her house and called the dogs, but they did not obey her. Mary Ellen said she decided to cross Tidewater; that, "I wasn't going to take any chances."

All three girls began crossing Tidewater near the middle of the block. Just as Mary Ellen reached the west side of Tidewater she was struck by defendant's car. She had crossed the street immediately behind her two companions. Her companions stated in their depositions that they had looked before crossing and did not see any cars approaching. The defendant had been proceeding south on Tidewater and approached the girls from their right.

Mary Ellen testified that before she started across Tidewater, she looked "both ways" and no cars were coming. According to Mary Ellen, the stop light at the intersection of Alsace avenue and Tidewater, which was about half a block to her right, was red, and there were no cars between her and the intersection. She also said that when she reached the middle of Tidewater, she hesitated, again looked both ways and, "there still were no cars coming." Not until the defendant's car was "right on top" of her did she see it.

Rule 3:20 of the Rules of Court provides in part that, "[s]ummary judgment shall not be entered if the amount of damages *or any material fact is genuinely in dispute.*" [Emphasis added.] We are not convinced that the evidence contained in the depositions proved that Mary Ellen was guilty of contributory negligence as a matter of law. In our view, the evidence had not been sufficiently developed to warrant such a holding. Mary Ellen stated that she looked both ways and saw no cars. Whether she should have seen the defendant's car under the circumstances here is not evident from her deposition. Nor is it clear to what extent the barking dogs caused Mary Ellen to act in the manner she did. Since it cannot be said that no material fact was genuinely in dispute, it was error to enter summary judgment on the depositions.

*Reversed and remanded.*

---

[1] See *Leslie* v. *Nitz*, 212 Va. 480, 184 S.E.2d 755 (1971), decided this day.