## Richmond

EVELYN LESLIE v. JAMES WILBUR NITZ.

November 29, 1971.

Record No. 7549.

Present, Snead, C. J., I'Anson, Carrico, Gordon, Harrison and Harman, JJ.

*Philip Lee Lotz (Lotz and Black,* on brief), for plaintiff in error.

*Richard W. Smith (Timberlake, Smith, Thomas & Moses,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

Evelyn Leslie filed her motion for judgment in the court below seeking to recover damages from James Wilbur Nitz for personal injuries sustained in an automobile accident. She alleged that she

was a guest in a vehicle owned and operated by Nitz and that the accident was caused by his negligence.

Responsive pleadings were filed by Nitz. Pursuant to agreement of counsel discovery depositions were taken. Thereafter Nitz filed his motion for a summary judgment. The court, upon a consideration of the discovery depositions, held as a matter of law that Mrs. Leslie was guilty of assumption of risk which effectively barred her recovery and granted the motion. We awarded a writ of error to this final judgment.

The assignments of error present two questions: Did the trial court have a right under Rule 3:20 to enter summary judgment supported solely by discovery depositions; and, if so, whether the court was correct in finding that plaintiff, as a matter of law, assumed the risk by riding in defendant's motor vehicle at the time of the accident.

Rule 3:20 of this court provides as follows:

"Either party may make a motion for summary judgment at any time after the parties are at issue. If it appears from the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence, that the moving party is entitled to judgment, the court shall enter judgment in his favor. Summary judgment shall not be entered if the amount of damages or any other material fact is genuinely in dispute."

In *Carwile* v. *Richmond Newspapers*, 196 Va. 1, 5, 82 S. E. 2d 588, 590 (1954) we said:

"Rule 3:20 was adopted to provide trial courts with authority to bring litigation to an end at an early stage, when it clearly appears that one of the parties is entitled to judgment within the framework of the case as made out by the pleadings, the pretrial conference, and the admissions in depositions. Its purpose is to expedite litigation with as few technicalities as possible and thus avoid common law procedural tactics interposed for delay, but it does not substitute a new method of trial where an issue of fact exists."

Rule 4:1 (a) provides in part that: "Any party may take the testimony of any person, including a party, by deposition upon oral ex-

amination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes."

Rule 4:1 (d) provides in part that: "At the trial or upon the hearing of a motion . . . any part or all of a deposition, so far as admissible under the rules of evidence, may be used against any party . . . in accordance with any one of the following provisions:"

Rule 4:1 (d) (2) contains one of the four provisions, i.e. "The deposition of a party . . . may be used by an adverse party for any purpose."

It is to be noted that at the time of our decision in *Carwile, supra,* Rule 3:20 included the language "admissions, if any, in a deposition . . .". Subsequent to *Carwile,* and effective June 1, 1957, the language was changed to "admissions, if any, in the proceedings . . .". The effect of this was to broaden and extend what a trial court could consider in passing on motions for summary judgment.

While the application of Rule 3:20, and the use of a discovery deposition in support of a motion for summary judgment, has been previously considered by this court in several cases we have not heretofore had occasion to hold specifically that a summary judgment may be awarded on a discovery deposition. *Carwile v. Richmond Newspapers, supra; Housing Authority v. Laburnum Corp.,* 195 Va. 827, 80 S. E. 2d 574 (1954); *Paytan v. Rowland,* 208 Va. 24, 155 S. E. 2d 36 (1967).

The issue is squarely presented in the instant case. We hold that a summary judgment may be entered pursuant to the provisions of Rule 3:20, based upon facts adduced by discovery depositions taken under the provisions of Rule 4:1, when it plainly appears from such depositions that there remains no material fact genuinely in dispute.

■ The discovery depositions here clearly show that at the time of the accident Nitz was under the influence of alcohol. He does not recall it or even that he was driving. Immediately before the accident Nitz had taken over the driving of his car from Mrs. Leslie. This was at his insistence and over her protest. After Nitz assumed control of the vehicle, Dennis Leslie, son of plaintiff and also a guest in the car, testified that he "shifted into second and then into third and we were right up on the corner. I don't know whether he really got it all the way into third or not, I looked at the speedometer and it was somewhere between 70 and 80". Dennis looked to the side of the car and saw the dirt flying around just before the car wrecked.

Mrs. Leslie testified that about 11 A. M. on April 1, 1968 Nitz

picked her up at her home in his automobile. At that time she kissed defendant and smelled alcohol on his breath. They went into Staunton and she said he had 2 beers at a place called Marino's. From there they went to Ray's Restaurant for lunch during which she testified Nitz had about 5½ or 6½ beers.

Defendant than took Mrs. Leslie home and told her that he was going back to Marino's to get more beer. She requested that he not do this because she "thought he had had enough". About 3:30 P. M. Nitz returned for Mrs. Leslie and Dennis, with the intent of going for Nitz' two children who were in school. When they left the Leslie home Mrs. Leslie was driving with Nitz seated on the passenger's side of the front seat and Dennis in the back seat. She said she was driving because Nitz "had too much to drink. He was staggering". En route Dennis told his mother that Nitz wanted her to stop. Mrs. Leslie thought that he was sick, stopped the vehicle and asked what he wanted. He wanted to drive, stating, "Well, it's my car and I'll drive it if I want to". Mrs. Leslie argued with Nitz about fifteen minutes but finally got out from under the steering wheel, went around to the other side and got back in the car. She testified that she watched Nitz when he came around the car and noted that he fell against the back of it. She told him that he was in no condition to drive. Immediately after Nitz started driving he accelerated to a high speed and the accident happened.

The conclusion is inescapable that this accident, and the injuries sustained by Mrs. Leslie, were caused by Nitz' reckless and negligent operation of his car while in a drunken condition. The evidence is clear that at the time Mrs. Leslie permitted Nitz to assume the operation of his car, she knew that he was intoxicated and was in no condition to drive. She also knew what brought about this disability, that is, he had been drinking the previous night and had consumed in excess of 8 bottles of beer between 11 A. M. and 4:15 P. M. on the day of the accident.

We recently had occasion to consider the doctrine of assumption of risk in *Landes* v. *Arehart*, 212 Va. 200, 183 S. E. 2d 127 (1971). There we reviewed the holdings of this court and other pertinent authorities and held that: "In essence, '[t]he doctrine of assumption of risk rests on two premises: (1) that the nature and extent of the risk are fully appreciated; and (2) that it is voluntarily incurred.' *Davis* v. *Sykes*, 202 Va. 952, 954, 121 S. E. 2d 513, 514 (1961)." 212 Va. at 203, 183 S. E. 2d at 129.

Mrs. Leslie clearly appreciated the nature and extent of the risk of riding in a vehicle operated by Nitz. She knew the amount of alcohol that he had consumed and she knew that he was in no condition to drive the car. For that reason she assumed control of the vehicle when they left her home the second time. When he demanded to drive she observed that he was staggering as he walked around the car to get in the driver's seat. She engaged in an extensive argument to persuade him not to drive the car. Despite this knowledge, Mrs. Leslie voluntarily entered the vehicle and permitted herself and son to be driven by Nitz. There was no special exigency that compelled Mrs. Leslie to expose herself and son to the danger and peril of riding with an intoxicated driver.

The trial court was correct in holding that as a matter of law Mrs. Leslie fully appreciated and voluntarily assumed a known hazard and risk by riding in the car with Nitz at the time and under the circumstances reflected by the evidence, and that she is barred from a recovery. The statements that she made were unequivocal statements of facts peculiarly within her knowledge and she is bound thereby.

The judgment of the lower court is

*Affirmed.*