## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

MARION C. OWENS v. CECIL REDD, INDIVIDUALLY, ET AL.

June 10, 1974.

Record No. 730780.

Present, All the Justices.

*Robert E. Gillette*, for plaintiff in error.

*William M. Harris; Philip E. Landrum (Taylor, Gustin, Harris, Fears & Davis; Harrell & Landrum*, on brief), for defendants in error.

Per Curiam.

Plaintiff, Marion C. Owens, filed an amended motion for judgment against the defendants, Cecil Redd and Charles Redd, individually and trading as Redd's Supermarket, Norfolk Coca-Cola Bottling Works, Inc. (Coca-Cola), and Allegheny Beverage Corporation (Allegheny), alleging, *inter alia,* that while she was an invitee in Redd's Supermarket she was injured when a bottled beverage placed in the store by Coca-Cola and Allegheny fell onto the floor and exploded.

Discovery depositions of the plaintiff, her daughter-in-law, Cecil Redd, and Charles Redd were taken. Based on statements in the depositions, the trial court entered summary judgment for Coca-Cola and Allegheny on the ground that the sole proximate cause of plaintiff's injuries was the negligence of a man carrying a tray which struck the bottled beverage, causing it to fall off the display rack. We granted plaintiff a writ of error.

The facts appearing from the discovery depositions show that on June 24, 1971, the supermarket had its "grand opening" in

Windsor, Virginia, and the plaintiff entered the store for the purpose of purchasing groceries. On the previous day Allegheny, through an agent and servant, placed in the store two wire and metal display racks. The agents of Coca-Cola and Allegheny then stacked quart bottles on the display racks. On each rack, as shown by the photograph offered in evidence, there were five shelves which tilted forward "maybe a quarter of an inch."

Plaintiff testified that while she was selecting groceries an unidentified man carrying a tray balanced on his hand passed between her and the display racks, and that the tray carried by this man struck a bottle on the edge of one of the racks, causing it to fall onto the floor, explode and injure her.

Plaintiff concedes that at the time the trial court entered the order appealed from it was permissible to enter summary judgment based on discovery depositions when no material fact remained genuinely in dispute. *Leslie* v. *Nitz*, 212 Va. 480, 184 S.E.2d 755 (1971);[1] Rule 3:18.[2] But plaintiff argues that in the case at bar there were material facts remaining genuinely in dispute. She says evidence touching on her allegations, in the amended motion for judgment, that the wire and metal display racks were unsafe, that they were placed in the store in a negligent manner, and that the bottles were improperly and negligently stacked on the racks, was not fully developed in the discovery depositions. She further says that she was not required to fully develop her case at the time the discovery depositions were taken.

The record shows that plaintiff's allegations of negligence of Coca-Cola and Allegheny were not fully developed in the discovery depositions. She was under no duty to fully develop her allegations of negligence of the defendants at that time. Additionally, there is nothing in plaintiff's deposition which shows as a matter of law that the negligence of Coca-Cola and Allegheny, if any, was not a contributing or efficient cause of her injury. Since there remained material facts genuinely in dispute, it was error for the trial court to enter

---

1. Subsequent to our decision in *Leslie* v. *Nitz, supra,* the General Assembly enacted Code § 8-315.1 (1973 Cum. Supp.), effective after the disposition of the present case in the court below, which provided that no motion for summary judgment shall be sustained when based in whole or in part on discovery depositions unless all parties to the suit or action shall agree that such depositions may be so used.

2. Formerly Rule 3:20.

summary judgment for Coca-Cola and Allegheny on the depositions. *See Marion* v. *Terry,* 212 Va. 401, 402, 184 S.E.2d 761, 763 (1971).

*Reversed and remanded.*