## Richmond

### C. J. O'BRIEN AND MATTIE P. O'BRIEN V. DEXTER HUBARD SNOW.

December 2, 1974.

Record No. 740246.

Present, All the Justices.

*Talmage N. Cooley (Edmunds, Freed, Cooley & Willetts*, on brief), for plaintiffs in error.

*William M. McClenny (McClenny Associates*, on brief), for defendant in error.

Compton, J., delivered the opinion of the court.

The sole question presented by the appeal of this tort action is whether the trial court erred in entering a pretrial summary judgment upon motion of the defendant below which provided for recovery by the plaintiffs of compensatory damages but denied their claim for punitive damages.

The plaintiffs, C. J. O'Brien and Mattie P. O'Brien, his wife, brought an action against the defendant, Dexter Hubard Snow, seeking recovery of compensatory and punitive damages as the result of an incident occurring about 2:00 a.m. on August 26, 1970, in Shipman, Virginia, when the defendant, from a public

street, discharged a loaded shotgun toward the plaintiffs' residence causing damage to its exterior.

In addition to alleging damage to the dwelling of $356.50, the plaintiffs asserted that "... said aiming and firing of said shotgun at the house of your plaintiffs was an act done wilfully, unlawfully, violently, and maliciously with the obvious and intentional purpose of damaging the real property of your plaintiffs, and to thereby cause them to feel thereafter frightened, oppressed, and intimidated."

Together with a demurrer and a plea of the statute of limitations, the defendant filed a grounds of defense denying each allegation of the motion for judgment.

The plaintiffs were deposed upon oral examination, answered interrogatories, and filed a bill of particulars which listed the damages to the home and the cost of repairs thereto. The demurrer and plea were sustained, the effect being to strike the plaintiffs' allegations as to any bodily injuries arising from the incident sued upon. That action of the trial court is not in issue here.

Thereafter, the plaintiffs requested a jury trial of the property damage and punitive damage claim. The defendant then admitted liability for the damage to the residence; objected to the plaintiffs' request for a jury trial; moved that summary judgment be entered for the plaintiffs in the amount of $356.50; and moved that the claim for punitive damages be denied.

The defendant's motion was granted over the plaintiffs' objection. The judgment order provided, *inter alia,* "... it appearing to the Court that the issue of property damages claimed by the plaintiffs ... is admitted by the defendant and the Court is of the opinion that the same should not need be tried by a jury but rather summary judgment shall be entered for the plaintiffs in the amount of property damages sued for and proven by the plaintiffs' Bill of Particulars; and further the Court doth order that the issue of punitive damages as claimed by the plaintiffs shall not be submitted to the jury; hence grants the defendant's motion for summary judgment, ..."

The crux of the defendant's position on appeal is that the facts disclosed in the plaintiffs' discovery depositions, their answers to interrogatories and their bill of particulars fail to support a recovery for punitive damages. In his brief, the defendant states that " [f]rom the evidence taken, it is clear that the parties were

on friendly terms prior to the mishap resulting in the dwelling being struck. Any evidence of malice or evil intent was [negated] by Defendant's grounds of defense." There is a suggestion in the depositions that the defendant intended to frighten the plaintiffs' adult son who resided with them.

■ The plaintiffs contend that their evidence upon the issue of punitive damages was not fully developed during the pretrial procedure. They argue that issue was joined on their allegations of wilful, unlawful, violent and malicious conduct which caused them to feel "frightened, oppressed, and intimidated," and, therefore, summary judgment should not have been entered at that stage of the proceedings upon a partial and incomplete presentation of their case. We agree and reverse.

Clearly, the motion for judgment contains sufficient allegations of misconduct by the defendant which, if supported by the proof, entitle the plaintiffs to an award of exemplary damages. Moreover, as the result of the defendant's admission of property damage liability, there has been a finding of compensatory damages which is a prerequisite to an award of punitive damages. *Zedd* v. *Jenkins*, 194 Va. 704, 706-707, 74 S.E.2d 791, 793 (1953). A defendant, when sued for compensatory and exemplary damages, may not escape liability for the latter by merely admitting the former. Furthermore, it is elementary that the plaintiffs were entitled to a trial by jury of their punitive damage claim. Va. Const. art. I, § 11; Code § 8-211. *See also* Code § 8-208.21. It, therefore, is apparent that the exemplary damage claim was procedurally viable when the entry of summary judgment eliminated it.

Rule 3:18 permits the entry of summary judgment unless "any material fact is genuinely in dispute." An examination of the record shows that the plaintiffs' claim of wilful and malicious conduct was not fully developed in the depositions or answers to interrogatories. There was no duty upon the plaintiffs at that time so to do. *Owens* v. *Redd*, 215 Va. 13, 14, 205 S.E.2d 669, 671 (1974). Issues of fact having been joined upon the plaintiffs' allegations by the defendant's denial thereof, material facts remained genuinely in dispute, and it was error for the trial court to enter summary judgment at that stage of the proceedings. *See Marshall* v. *Dean*, 201 Va. 699, 112 S.E.2d 895 (1960).

■ Furthermore, the record shows that the motion for summary judgment was sustained based, in part, upon the

discovery depositions of the plaintiffs taken by the defendant.[1] This action was contrary to the provisions of Code § 8-315.1 [2] and constituted error. This new statute, which became effective in 1973 after this action was filed but before entry of the judgment complained of, produced a change in the summary judgment procedure and was, therefore, applicable to the decision of this motion. Code § 1-16; *Boggs* v. *Board of Dental Examiners*, 213 Va. 751, 754, 196 S.E.2d 81, 84 (1973).

The judgment below will be reversed and the case remanded for further proceedings consistent with this opinion. Since the fact of his liability for compensatory damages in the amount of $356.50 has been established by the defendant's admission, the sole question to be determined on remand will be whether the plaintiffs are entitled to recover for punitive damages and, if so, the amount thereof.

*Reversed and remanded.*

---

[1] The depositions were taken on February 18, 1971, in a prior action between the parties, later nonsuited, based on the same cause of action.

[2] "§ 8-315.1. **Depositions as basis for motion for summary judgment or to strike evidence.** — No motion for summary judgment or to strike the evidence shall be sustained when based in whole or in part upon any discovery depositions under Rule 4:5, unless all parties to the suit or action shall agree that such deposition may be so used. To the extent that it conflicts with the provisions of this section, Rule 4:7 of the Rules of the Supreme Court of Virginia is hereby superseded."