**CIRCUIT COURT OF THE CITY OF RICHMOND**

Paul B. Ellyson

v.

Commonwealth of Virginia,
Department of General Services

November 9, 1987

Case No. LL 640-2

By JUDGE ROBERT L. HARRIS, SR.

Paul B. Ellyson was hired as a truck driver by the Commonwealth of Virginia, Department of General Services, and worked approximately four and one-half years before being laid off in August of 1987. Ellyson worked for the Commonwealth without incident until July 31, 1986, with the exception of one written notice for an uncontested speeding ticket.

In July of 1986, Ellyson received a Group I Written Notice from the lower and middle level management of the Department of General Services. He grieved on grounds that this disciplinary action was a reprisal for his prior safety complaints to the Virginia Department of Labor and Industry. The Director of the Department of General Services, Spencer Seldon, reversed the disciplinary action against Ellyson, finding that the action was at least in part an act of reprisal by the lower and middle management.

Since July of 1986, Ellyson has received at least two letters of reprimand and two written notices from the Department of General Services. Ellyson also alleges that ever since he prevailed in his grievance proceeding

in July of 1986, his management has been harassing him with intimidating and threatening remarks, such as "my management is going to keep an eye on you and anything and everything you do will be so noted and will be used against you."

In February, 1987, Ellyson filed a grievance, alleging harassment that was a result of his earlier success with the grievance procedure. The Director of the Department of General Services determined that his grievance does not qualify for a panel hearing, primarily because the Director of the Department of Employee Relations counselors ruled it was nongrievable.

At Ellyson's request, this court heard arguments on September 17, 1987, to determine whether the grievance should be heard by a panel. At that hearing, the Commonwealth moved for summary judgment on the grounds that the issue of grievability is moot. The Commonwealth argued that since Ellyson was laid off for economic reasons, the lay off was proper. Further, the Commonwealth argued that since Ellyson no longer works for the state, there is no remedy for Ellyson. The court postponed decision on the motion for summary judgment and heard evidence on the case.

The first issue presented is whether the court should sustain the defendant's motion for summary judgment on the grounds that the issue of grievability is moot due to the fact that Ellyson was laid off from his job in August of 1987. Defendant contends that Ellyson's lay off was due to economic factors and there is no longer a remedy available to Ellyson. Defendant asserts that as Ellyson is no longer working for the defendant, the controversy has ceased to exist. Rule 3:18 of the Rules of the Supreme Court of Virginia states that summary judgment shall be entered unless some material fact is genuinely in dispute. Further, summary judgment is authorized only where the moving party is entitled to judgment as a matter of law, and where there are no genuine factual issues. *Owens v. Redd*, 215 Va. 13, 205 S.E.2d 699 (1974). In deciding motions for summary judgment, the court must adopt those inferences most favorable to the party whose evidence it is sought to have struck, unless the inferences are strained, forced or contrary to reason. *Bloodworth v. Ellis*, 221 Va. 18, 267 S.E.2d 96 (1980).

While it is true that Ellyson was laid off in August of 1987, and some of the relief he requested is not available (such as having the management fired), other relief requested may be available. Ellyson requests that the written notices and reprimands be removed from his file, that his allegations of acts of reprisal be affirmed, and that the Department of General Services be ordered to cease and desist from further reprisal actions.

Ellyson asserts that so long as these written notices and reprimands remain in his file, his chances of obtaining another job are substantially impaired. Any potential employer will require references, and unless these notices and reprimands are removed, the opportunity is great that Ellyson will be denied a job based upon the very issues involved in this case. Certainly, the right to work is a vital right to Mr. Ellyson, and the reprimands and notices in his employment file may harm his reputation and chances for future employment. In fact, on September 17, 1987, Mr. Ellyson testified that his search for re-employment since August of 1987 has been unsuccessful. Therefore, it does not appear that this matter is moot.

The second issue is whether Ellyson is entitled to a panel hearing based on the evidence presented to the Circuit Court on September 17, 1987. Ellyson asserts that his complaint is grievable because the two written notices, two letters of reprimand (given after he prevailed in his July 1986 grievance proceeding), and the threats by management are acts of continuing reprisals. The Grievance Procedure for state employees defines a grievance to include "a complaint or dispute of an employee relating to employment, including but not necessarily limited to. . . 3. Acts of reprisal as a result of utilization of the grievance procedure. . . ." Section II(A), pp. 4-5.

The court feels that the proper approach to take in determining grievability in a case such as this is to look beyond the allegations on the face of the complaint, and determine whether there is some support for the grievant's allegation that would qualify the matter for a panel hearing. The court's threshold investigation of the matter should reveal whether there is some doubt that agency policies were applied fairly, and if there is doubt in the court's estimation, the complaint should be considered grievable. Under this alternative the court does not test

the merits of the grievant's case, but whether there is some substantive support for the grievant's allegations.

Ellyson testified that he worked four and one-half years at the Department of General Services, and until July of 1986, he had only one written notice for speeding. Ellyson did not contest that notice. Ellyson prevailed in his July 1986 grievance with a determination that the written notice against him was at least in part an act of reprisal. After prevailing on this grievance, there were at least two letters of reprimand and two written notices by management against Ellyson from July 31, 1986, to August of 1987. These allegations were not controverted by the defendant at the September 1987 hearing. Ellyson also testified to numerous instances of harassment and threats from management.

The defendant Commonwealth asserts that the actions taken against Ellyson were legitimate disciplinary actions. Defendant asserts that to hold this complaint grievable would be to hold that once there is a ruling of grievability because of a reprisal, then an employee can do whatever he wishes and no disciplinary action can ever be taken against him in the future.

Allegations of acts of reprisal are most likely to be made only after an employee has previously utilized the grievance procedure or has participated in the grievance of another state employee. Further, acts of reprisal are likely to be subtle, and proof is often difficult until an evidentiary hearing is given. It should be noted that in this case, Ellyson did utilize the grievance procedure in July of 1986, and he was successful. Upper management decided that the issuance of a Group I Written Notice was at least in part a reprisal for Ellyson's prior safety complaints to the Department of Labor and Industry.

Therefore, the uncontroverted facts are that Ellyson had no disciplinary actions taken against him until July of 1986 when he won a grievance, and subsequent to July of 1986, two written notices and two letters of reprimand were issued to him before he was laid off from his job in August of 1987. Ellyson also testified at the September 17, 1987, hearing to numerous incidents of threats and harassment from management after the July 1986 grievance.

Finally, due to the subtle nature of acts of reprisal and the fact that Ellyson has testified to numerous inci-

dents of threats, the evidence presented does appear to raise some doubt that agency policies were applied fairly, and, thus, it is my opinion that Ellyson's complaint should proceed to a panel hearing.

I have entered the attached order consistent with this opinion.

## *ORDER*

On September 17, 1987, came the plaintiff, in person and by counsel, and the defendant, by a representative and by counsel, upon the plaintiff's appeal to this court of a decision by the Department of General Services that the plaintiff's grievance did not qualify for a panel hearing, and evidence and argument of counsel was heard.

The court, having considered the evidence and argument of counsel and reviewed the file and written submissions of the parties, finds that there is sufficient evidence for this grievance to proceed to a panel hearing.

Wherefore, the court orders that this grievance go forward to a panel hearing.

The clerk is directed to mail a copy of this order to counsel of record.