## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Holley et al.

v.

Breezewood, Inc.

December 18, 1987

By JUDGE WILLIAM H. LEDBETTER, JR.

This case is before the court on the defendant's motion for summary judgment, argued on December 14, 1987.

In their motion for judgment, the plaintiffs seek to recover a commission in connection with the sale of real estate by the defendant to a third party, R. Hamilton Morrison. Count I alleges the existence of a contract in which the defendant agreed to pay the plaintiffs a 6% sales commission for procuring the buyer of the property. They allege that they introduced Mr. Morrison to the defendant and that he, or an assignee, subsequently purchased the property. In Count II, the plaintiffs seek compensation for their services in quantum meruit.

### The Statute of Frauds

Virginia Code § 11-2(6a) provides that no action can be brought upon any contract for services to be performed in the sale of real estate by a person defined as a real estate broker or agent unless the promise, contract, agreement, representation, assurance, or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged or his agent.

As a result of the statute, a parol agreement of the type alleged by the plaintiffs, no matter how well-

defined it may be, cannot, without more, be enforced. The agreement must be evidenced by some writing signed by the defendant or its agent.

The writing relied upon need not itself constitute a contract. It may consist of almost any kind of writing from a solemn deed to a mere hasty note or memorandum in books or papers. *Reynolds v. Dixon*, 187 Va. 101 (1948). Nonetheless, the writing, no matter how informal, must contain all the essential terms of the parol agreement, except the consideration. *See* 8B M.J., *Frauds, Statute of*, § 22.

Apparently, the plaintiffs concede that there is no written contract. The basis of their claim is a parol agreement which, according to the plaintiffs, is evidenced by writings that satisfy the requirements of the statute.

The writings referred to by the plaintiffs are (1) a signed memo dated December 31, 1986, and (2) depositions taken in this case on September 24, 1987.

The plaintiffs contend that the writing of December 31, 1986, signed by L. Franklin Sealy as agent for the defendant, is a sufficient writing to take the parol agreement out of the operation of the statute because the memorandum contains the essential terms of the agreement.

What is the agreement? The motion for judgment alleges an agreement made between the parties sometime in 1986 by which the defendant was to pay to the plaintiffs a 6% commission in connection with the sale of a 9.3-acre parcel of land.

Is the writing of December 31, 1986, a "memorandum or note" of that agreement? Obviously, it is not.

It is elementary that the writing relied upon must be some memorandum or note "thereof," i.e., *of the agreement*. The Sealy memo does not refer to, acknowledge, memorialize, or provide evidence of the parol agreement alleged by the plaintiffs. Instead, it actually contradicts the terms of the alleged parol agreement.

If a commission "is being negotiated," it has not been agreed upon. If a writing states that the amount of the commission has not been agreed upon, that writing does *not*, by any stretch of logic or imagination, memorialize an agreement for payment of a 6% commission.

The plaintiffs say that the writing at least acknowledges "an obligation." However, it is not "an obligation"

to which the writing must refer; rather, it is the "promise, contract, agreement," etc., of which there must be "some memorandum or note." An acknowledgment by one party that another party has performed services, and that a fee for those services "is being negotiated," has absolutely nothing to do with an alleged parol agreement for the payment of a 6% commission.

The plaintiffs next argue that the inconsistency as to the amount of commission should be ignored since the consideration need not be expressed in the writing relied upon.

If no reference is mae to the consideration, the amount of consideration can be supplied by other evidence. However, if the writing relied upon expressly states that the parties have not reached agreement as to the amount of consideration, yet the parol agreement asserted by the plaintiffs is said to contain a specific agreed-upon amount of consideration, one cannot say that the writing is a memorandum of the agreement.

In *Troyer v. Troyer*, 231 Va. 90 (1986), the Court held that a defendant's deposition, which contained the essential terms of an alleged parol agreement, is a "memorandum or note" sufficient to satisfy the statute.

Relying on *Troyer*, the plaintiffs point to Mr. Sealy's deposition taken on September 24, 1987. In that deposition, the plaintiffs say, Mr. Sealy "identifies the parties to the contract, identifies the property, and further acknowledges the existence of an agreement . . . ."

The plaintiffs misread Mr. Sealy's deposition. Nowhere does he acknowledge the existence of an agreement, much less the parol agreement asserted by the plaintiffs. He states that he told Mrs. Holley that she would be paid "a finder's fee" or a fee equivalent to "a split commission." He added "I honestly and truly meant it would be based on 4% (total commission) . . . which is 2% to the agent . . . or 5% which would be 2½% to the agent."

This deposition testimony does not contain or refer to the terms of the alleged parol agreement. Instead, it absolutely and emphatically denies the existence of such agreement. The plaintiffs seek to enforce a parol agreement in which the defendant agreed to pay a 6% sales commission. Mr. Sealy's deposition, in contrast, claims that no agreement was reached, but that the plaintiffs

were told that the defendant would pay the equivalent of a split commission, 2% to 2½% of the sale price.

Therefore, it is the opinion of the court that the writings relied upon by the plaintiffs do not satisfy the requirements of the statute of frauds.

### Quantum Meruit

The defendant contends that real estate commissions cannot be recovered on a quantum meruit theory in Virginia. Since there are no Virginia decisions on point, the defendant relies on an annotation at 41 A.L.R. 2d 905 (1955).

Restatement of Contracts § 355(3) provides that if a statute denies a real estate broker the right to a sales commission unless he has a contract or other written authority from his principal, the broker who makes a sale without such written contract or authority cannot recover for the value of his services.

Similarly, Restatement of Agency § 468(2) states that if such a statute exists, a person has no duty to pay to another whom he orally employs for such purpose either the promised compensation or the reasonable value of the services rendered.

Consistent with the Restatements, the overwhelming weight of authority holds that if the broker's contract does not satisfy a statute providing that a contract for compensation for procuring a purchaser for real estate must be in writing, a broker cannot recover in quantum meruit, quasi contract, implied contract, or the like.

The reason for the rule is that to hold otherwise would be to nullify the intent of the statute, which is to regulate the real estate brokerage business and to hold brokers and agents to a high standard of responsibility and proof. Many of the cases compare such a statute, which is designed to prevent inappropriate conduct associated with the performance of a particular type of service, with the general statutes of frauds.

Many of the decisions which make up "the overwhelming weight of authority" referred to in the annotation point out that the state statutes involved in those cases make real estate services agreements void, invalid, or expressly prohibited in some fashion.

Virginia has not enacted a statute requiring real estate brokers and salespersons to put their commission agreements in writing. Neither has the Commonwealth enacted a statute expressly prohibiting oral agreements in such instances, nor have such agreements been declared void, invalid, or illegal.

Instead, the General Assembly simply amended the general statute of frauds, modeled after the English Statute adopted by Parliament in 1677. The Statute of Frauds does not nullify, void, or invalidate oral agreements. Rather, the statute interposes a procedural and remedial bar to the enforcement of certain enumerated types of oral agreements, which bar may be removed by proof of a sufficient written memorandum of the agreement. When the bar is removed, the oral agreement is enforced. *Drake v. Lindsay*, 231 Va. 117 (1986).

In this case, the plaintiffs have not been successful in removing the bar because they can prove no written memorandum of the oral agreement. Nevertheless, the oral agreement which they cannot enforce has not been voided or invalidated by the Statute. This distinguishes Virginia's statutory bar (Virginia Code § 11-2(6a) from the statutory provisions construed and applied in many if not most of the cases cited in the annotation. The Virginia Supreme Court has held that at least one type of relief (constructive trust imposed upon the real estate agent) may be invoked even though the agreement out of which it arises is not legally enforceable. *H-B Partnership v. Wimmer*, 220 Va. 176 (1979).

This matter was argued on December 14th, and the case is scheduled for trial on January 5th. The court promised counsel that an opinion regarding the defendant's motion would be issued promptly, to permit the parties to summon witnesses and otherwise to prepare for trial. Thus, at this late date, there is no time prior to trial to analyze the cases cited in the annotation and to compare the language of the statutes involved in those cases with Virginia's Statute of Frauds.

Therefore, the court will permit the plaintiffs to proceed on Count II of their motion for judgment.

## Summary Judgment

Summary judgment may be granted at any time after the parties are at issue if there is no material fact genuinely in dispute. If issues of fact are in dispute, the motion cannot e granted. Rule 3:18. The purpose of the rule is to expedite litigation with as few technicalities as possible and to avoid many of the common law procedural tactics, but it does not substitute a new method of trial where an issue of fact exists. *See, e.g., Leslie v. Nitz*, 212 Va. 480 (1971).

From remarks made by counsel at the hearing on December 14th, it appears that the parties agree that (1) there is no written contract, and (2) the memo of December 31, 1986, and the deposition testimony of Mr. Sealy are the writings relief upon by the plaintiffs to satisfy the Statute of Frauds. However, these crucial facts have not been established, admitted, or stipulated in the record. It follows that an order granting summary judgment as to Count I would not be appropriate at this point unless the plaintiffs concede or admit for the record, in the sketch order or otherwise, that (1) there is no written contract between the parties, (2) the contract referred to in Count I is an oral contract, and (3) the memo of December 31, 1986, and the deposition testimony of Mr. Sealy are the writings relied upon by the plaintiffs to satisfy the Statute of Frauds. With these facts formally conceded, as the court understood them to be at the hearing on December 14th, the motion for summary judgment as to count I will be granted.