## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Grievance of
Robert L. Jolley

In re Grievance of
Craig R. Lukezic

May 1, 1990

By JUDGE T. J. MARKOW

These cases, involving the state employee grievance procedure as authorized in § 2.1-114.5:1 of the Code, are on final appeal to this court following an administrative denial of the grievability of the complaints of the grievants. Specifically, Messrs. Jolley and Lukezic believe that in this case, subsection A of § 2.1-114.5:1 controls in the resolution of this issue, rather than subsection B of the same section.[1] Va. Code Ann. § 2.1-114.5:1 (1989 Cum. Supp.).

---

[1] Specifically, grievants rely upon the following pertinent parts of Section 2.1-114.5:1, which reads:
A. Definition of grievance. -- A grievance shall be a complaint or dispute by an employee relating to his or her employment, including but not necessarily limited to . . . (ii) the application or interpretation of personnel policies, procedures, rules, and regulations, including the application of policies involving matters referred to in subsection B (iii) below . . . .
B. Management responsibilities. -- Management reserves the exclusive right to manage the affairs and operations of state government. Accordingly, the following complaints are nongrievable: (i) establishment and revision of wages or salaries, position classifications, or general benefits; . . . ordinances, statutes, or established personnel policies, procedures, rules, and regulations.

The Commonwealth's position is that this matter involves a question of management responsibilities, specifically that this is a question which is the reserved and exclusive right of management to establish position classifications. As such it is *per se* not grievable.

Grievants contend, however, that while position classifications are involved, the real question is one of the application or interpretation of personnel policies and procedures. In particular, grievants argue that their reclassification by the Virginia Departments of Personnel and Training and Transportation were not within the guidelines established by the Department.[2] Their basic premise is that, contrary to outlined procedures in the *Analyst's Manual* (see note 2), the analyst who reclassified grievants did not have "a good understanding of the nature and level of work." *Analyst's Manual*, p. IV-11, and that this basic failure to follow an established procedure led to subsequent arbitrary actions on the part of the Commonwealth. Without restating all of the arguments of both grievants, the court can make the following findings.

The duty of a circuit court in an appeal such as this is to determine the question of grievability only. In the instant case, the grievants have the burden of showing that policies or procedures were not followed nor applied fairly. *In re Grievance of Hagy*, 8 Va. Cir. 541 (1979). Under the statute, a "showing" need not prove the allegations of the grievant, as the duty of the circuit court is not the adjudication of the merits of the grievance but rather to establish a "sufficient factual dispute on the issue . . . to require resolution by a full panel." *Id*. at 542. At this point in the dispute, the grievants have established that there are questions of the Commonwealth's fairness in application of the classification specifications. Further allegations include inconsistency in application of these guidelines, use of improper descrip-

---

[2] The reclassification was the result of an extensive study commissioned by the Commonwealth to promote "equal pay or equal work" within agencies and across agency lines by grouping employees with similar duties and responsibilities into classification areas by the characteristics of their work. Classes were to be established, and then employees fit into them. See page IV-11 of Compensation and Classification Analysis Manual.

tion of grievant's responsibilities; to wit, outdated or misstated classification specification, arbitrary grouping with dissimilar and unstudied positions, failure to reclassify all similar positions, arbitrary after-the-fact modification of descriptions to "force a fix," and failure to acknowledge supervision of higher classed employees. These allegations are supported by sufficient documentation to establish some doubt as to the fairness of application of the policy. As a panel hearing is the proper forum in which to resolve these questions, the court finds the matter grievable. *See Ellyson v. Commonwealth*, 10 Va. Cir. 231, 233-34 (1987). The court, therefore, is of the opinion that the complaints of Jolley and Lukezic should proceed to a panel hearing.