## CIRCUIT COURT OF THE CITY OF ROANOKE

Quince Lewis Irving, Jr.

v.

James A. Fazio
and City of Roanoke

Case No. CL90000038

Brenda I. Taylor

v.

James A. Fazio
and City of Roanoke

Case No. CL90000110

March 25, 1991

By JUDGE CLIFFORD R. WECKSTEIN

These actions arise out of an automobile collision which occurred in the City of Roanoke on December 17, 1988. One of the defendants is a municipal corporation. The other defendant, a police officer, was employed by the municipal corporation and was acting in the course of his employment at the time of the collision.

The City Attorney filed two Special Pleas of Sovereign Immunity, one on behalf of the City, and the other on behalf of the police officer. As the City Attorney correctly notes, the plaintiffs have advanced no arguments against the proposition that the City of Roanoke, itself, is entitled to dismissal based upon the bar of sovereign immunity. Rather, the argument has focused on whether

the City's agent, Officer J. A. Fazio, is entitled, at this stage of the proceedings, to dismissal on the same basis.

It appearing to the Court that the City of Roanoke's Special Plea of Sovereign Immunity should be sustained, and no argument or authority to the contrary having been advanced, that Special Plea will be sustained, and the City will be dismissed with prejudice as a defendant in these actions. We turn, then, to the question of whether it is appropriate to grant summary judgment (as the City Attorney requests) in favor of Officer Fazio. The parties have stipulated that the Court may consider deposition testimony in determining whether to grant summary judgment.

"In Virginia, a government agent entitled to the protection of sovereign immunity is not immunized from suit. Rather, the degree of negligence which must be shown to impose liability is [generally] elevated from simple to gross negligence." *Colby v. Boyden*, 241 Va. 125, 128 (1991). Here, the "government agent," seeking summary judgment, argues that the applicable standard is, indeed, gross negligence, and that the pleadings and depositions demonstrate conclusively that the plaintiffs cannot meet that elevated evidentiary standard.

"Summary judgment is a drastic remedy which is available only where there is no material fact genuinely in dispute . . . . It applies only to cases in which no trial is necessary because no evidence could affect the result." *Shevel's, Inc. - Chesterfield v. Southeastern Associates, Inc.*, 228 Va. 175, 181, 320 S.E.2d 339 (1984). The trial judge must weigh the evidence in the light most favorable to a non-moving party. As long as there are material facts that are genuinely in dispute, the trial Court should not grant summary judgment. *Owen v. Redd*, 215 Va. 13, 14, 205 S.E.2d 669 (1974). The rule in Virginia apparently is that a plaintiff is under no duty to fully develop his or her claim during the discovery process, in order to avoid summary judgment. *Id.*, *O'Brien v. Snow*, 215 Va. 403, 405, 210 S.E.2d 165 (1974).

The question presented is a close one. However, upon careful consideration of the reams of documents filed by counsel, I am of the opinion that, in these cases, there are too many details which are of material fact, and genuinely in dispute, for summary judgment to lie.

A trial judge cannot conscienably say, in these cases, that no trial is necessary because no evidence could affect the result. Though Mr. Talevi argues inferences that he believes must necessarily flow from the deposition testimony, and though he argues that no credible evidence can be adduced on certain points, these are arguments which must be made at trial; they cannot support an award of summary judgment. I believe that, in ruling on a motion for summary judgment, as in ruling on a motion to strike the evidence, Virginia "trial courts should not undertake to determine the truth or falsity of testimony or to measure its weight." *See, Williams v. Vaughan*, 214 Va. 307, 310, 199 S.E.2d 515 (1973) (addressing motions to strike).

Accordingly, the Court denies Officer Fazio's motion for summary judgment. Mr. Strickland will please prepare and tender a duly-endorsed order, granting Roanoke City's Special Plea of Sovereign Immunity but denying Officer Fazio's motion for summary judgment. This order should incorporate this letter opinion by reference and should, in its body, set forth the fact that Officer Fazio objects to this ruling, for all of the reasons stated by counsel, orally and in writing. Since the plaintiffs have not argued the City's Special Plea, I do not anticipate that they will object to the ruling on that Plea.

By agreement of counsel, this Court took the motion for summary judgment under advisement pending the Virginia Supreme Court's decision in two cases, *Colby v. Boyden, supra*, and *Heider v. Clemons*, 241 Va. 143 (1991). Though these decisions do not, as Mr. Talevi urges, permit me to grant summary judgment, they do permit me to make a forecast or prediction: Based upon the deposition testimony I have read and the representations of counsel thus far, I think it likely that the plaintiffs will be required, at trial, to prove gross negligence in order to recover. We must, however, await the introduction of evidence at trial in order to determine with certainty what standard will apply. If the standard is, indeed, an elevated one, only when the evidence is in will the Court and counsel be able intelligently to address whether the plaintiffs have made out a case of gross negligence sufficient to overcome a motion to strike. *Cf. Higgins v. Bowdoin*, 238 Va. 134, 141, 380 S.E.2d 904 (1989); *Brown v. Koulizakis*, 229 Va. 524, 331 S.E.2d 440 (1985).

There remains pending a motion to dismiss based upon failure to plead or prove compliance with requirements of Virginia Code § 8.01-222. Counsel have chosen to ask the Court to decide the motion for summary judgment based on sovereign immunity, before addressing this motion to dismiss. If Officer Fazio desires to rely on this motion, would Mr. Talevi please proceed to bring the motion on for hearing or argument, coordinating scheduling with Mr. Strickland and Mr. McAdam.