## CIRCUIT COURT OF THE CITY OF NORFOLK

Edwin D. Spruill, Jr.

v.

Jugs, Inc., et al.

September 29, 2004

Case No. (Law) L04-361

BY JUDGE EVERETT A. MARTIN, JR.

On February 13 of this year, the plaintiff filed his motion for judgment seeking damages for injuries he claims to have sustained on or about July 1, 2003, because of the negligent design of a softball pitching machine manufactured by defendant Jugs, Inc. ("Jugs") and distributed by defendant Dixie Sporting Co., Inc. ("Dixie"). It appears the plaintiff was injured at Kempsville High School in the City of Virginia Beach.

On March 9, Dixie filed a motion to transfer venue to the Circuit Court of either Virginia Beach or Chesapeake. Jugs filed its objection to venue on March 19, requesting that the Court transfer this case to the Circuit Court of Virginia Beach.

On the 1st of July of this year, 2004 Acts of Assembly, c. 979, became effective. Code of Virginia § 1-12. That act amended the first clause of Va. Code § 8.01-262(3), which before the amendment read, "Wherein the defendant regularly conducts affairs or business activity," and after the amendment reads "Wherein the defendant regularly conducts substantial business activity. . . ." Mr. Lewis stated at the hearing of September 24 that venue would not be proper in Norfolk if the 2004 amendment to the statute applies.

Jugs is an Oregon corporation that does not have an office or store in Norfolk or at any other place in Virginia. Dixie is a Virginia corporation with its headquarters in Richmond and a branch office in Chesapeake; it does not have any facility in Norfolk. The plaintiff resides in Chesapeake.

I find that the 2004 amendment of the statute applies to this case and that venue in Norfolk is thus improper. The second clause of Va. Code § 1-16 decides the issue. As applicable to this case it provides:

> No new law shall be construed to repeal a former law, as to . . . any right accrued, or claim arising under the former law, or in any way whatever to affect . . . any right accrued, or claim arising before the new law takes effect; *save only that the proceedings thereafter had shall conform, so far as practicable, to the laws in force at the time of such proceedings. . . .*

Va. Code § 1-16 (emphasis added).

In *O'Brien v. Snow*, 215 Va. 403, 210 S.E.2d 165 (1974), the action was filed before former Va. Code § 8-315.1 (now Va. Code § 8.01-420) became effective. However, the statute was in effect when the circuit court granted summary judgment based in part upon discovery depositions. Citing Va. Code § 1-16, the Supreme Court held:

> This new statute, which became effective . . . after this action was filed but before the entry of the judgment complained of, produced a change in the summary judgment procedure and was, therefore, applicable to the decision of this motion.

215 Va. at 406, 210 S.E.2d at 168. See also *Smith v. Commonwealth*, 219 Va. 455, 248 S.E.2d 135 (1978), where the consequences of the new statutes were far more serious.

I have read the cases Mr. Lewis cited at the hearing, and I do not believe any of them requires a different result. Furthermore, Mr. Lewis's contention that a venue statute creates some kind of quasi-jurisdictional substantive right is refuted by Va. Code § 8.01-258 and *Caldwell v. Seaboard System RR.*, 238 Va. 148, 152, 380 S.E.2d 910, 912 (1989) (forum *non conveniens* statute "does not affect fundamental rights").

Norfolk not being a permissible venue for this action, it remains to be determined where it should be transferred. The plaintiff's choice, the City of Richmond, has but one connection with this action, i.e., it is Dixie's principal place of business. There was no evidence or proffer that any of the witnesses live there. As the cause of action arose at a high school in Virginia Beach, many of the witnesses are likely to reside in that city. Nor will Virginia Beach be an inconvenient forum for the plaintiff or any witnesses who may reside in Chesapeake. I thus transfer the case to the Circuit Court of the City of Virginia Beach.