# CIRCUIT COURT OF FAIRFAX COUNTY

Hair Studio 54, Inc.

v.

Custom Commercial
Interiors, Inc.,
and Thomas Donovan

July 7, 2009

Case No. CL 2008-12645

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on Thomas Donovan's Motion for Summary Judgment. After consideration of the pleadings, the applicable law, and the oral and written arguments of counsel, the motion is denied.

*Summary of Facts as Alleged in the Complaint*

This dispute arises from the installation of a tile floor in Plaintiff's hair salon in Chantilly, Virginia. The floor was installed by defendant Commercial Custom Interiors, Inc. (CCI), a Maryland corporation. Defendant Thomas Donovan was at all relevant times an officer, director, and shareholder of CCI.

According to the complaint, the materials used in the floor were warranted by the manufacturer. For its part, CCI warranted the labor. The complaint alleges that CCI failed to properly prepare the subfloor before installing the tile and that they used the wrong type of adhesive to secure the tiles to the subfloor. As a result, four years after installation, the tile adhesive has not properly matured and semi-liquid adhesive regularly oozes from the spaces between the tiles, resulting in a dirty, cosmetically displeasing appearance.

The complaint further alleges that CCI subsequently forfeited its charter under Maryland law and so has been "involuntarily dissolved rather than wound up pursuant to applicable law." Accordingly, Defendant Donovan is alleged to be personally liable for the debts of the corporation.

Counsel for Defendant Donovan attached to the motion for summary judgment a series of exhibits, consisting of various computer printouts, and a copy of what appears to be a certificate by an officer of the State of Maryland. Collectively the exhibits suggest that CCI has never been dissolved and remains a corporation in good standing in the State of Maryland.

## Analysis

"Summary judgment upon all or any part of a claim may be granted to a party entitled to such judgment when no genuine issue of material fact remains in dispute, and the moving party is entitled to judgment as a matter of law. . . . Additionally, the trial court must consider inferences from the facts in the light most favorable to the non-moving party, unless the inferences are strained, forced, or contrary to reason." *Andrews v. Ring*, 266 Va. 311, 318, 585 S.E.2d 780 (2003) (internal citations omitted). Summary judgment is a drastic remedy which was unknown at common law. It should be applied only where no trial is necessary because no evidence could affect the result. *Shevel's, Inc. v. Southeastern Assoc.*, 228 Va. 175, 181-82, 320 S.E.2d 339 (1984).

The trial court has a duty to make an independent evaluation of the record and determine whether summary judgment is appropriate, even where both parties believe no genuine issue of material fact remains in dispute. *Central Nat. Ins. v. Virginia Farm Bur. Ins.*, 222 Va. 353, 356, 282 S.E.2d 4 (1981). The burden of demonstrating that no genuine issues of material fact exist rests with the moving party, and the non-moving party is not required to produce evidence to support his or her pleaded allegations. *See, O'Brien v. Snow*, 215 Va. 403, 405, 210 S.E.2d 165 (1974).

Here, Plaintiff has alleged that Defendant CCI was involuntarily dissolved and so Defendant Donovan is to some extent liable for the debts of the corporation. As the moving party, Defendant Donovan bears the burden of disproving the allegations and has not done so. No testimony was offered or received with respect to the exhibits submitted in support of the motion, and the exhibits themselves were never moved into evidence. Although the defendant suggests the Court take judicial notice of the status of the corporation, the Court declines to do so. Accordingly the motion for summary judgment is denied. Although Donovan references counsel's obligations under Va. Code § 8.01-271.1, it does not appear that he sought

relief under that section, and so the Court makes no ruling on any question of sanctions. Donovan is certainly free to seek relief should such relief appear appropriate.

The motion for summary judgment is overruled.