# CIRCUIT COURT OF THE CITY OF NORFOLK

Mary V. Saunders,
Robert M. Saunders, Jr.,
and Eliza R. Saunders

v.

AMG National Trust Bank
In re The Vandeventer Trust
for the Benefit of
Mary Vandeventer Saunders

June 23, 2014

Case No. CL13-9292

BY JUDGE MARY JANE HALL

The matter came before the Court on the motion for summary judgment filed by Petitioners seeking judicial approval to terminate the Braden Vandeventer Trust for the Benefit of Mary Vandeventer Saunders. Petitioners are the three beneficiaries of the Trust. Respondent, AMG National Bank, is the trustee of the Trust and has filed a memorandum in opposition to the motion. Counsel have noticed the motion for oral argument on June 25, 2014. The parties have submitted comprehensive legal briefs with their arguments and legal authority. The Court requires no further argument on the motion and issues this ruling following review of the written submissions and relevant authority cited. For the reasons stated herein, the motion is sustained. The case presents no genuine issues of material fact that require an evidentiary hearing. The Court approves the termination of the Trust.

*Facts*

Mr. Braden Vandeventer executed his last will and testament on April 27, 1942, when his daughter Mary (now known as Mrs. Saunders) was nineteen years old. He died on September 28, 1943, and his will was probated thereafter. The will established a noncharitable irrevocable trust for Mary's benefit, with his son Braden serving as the trustee for his sister. Originally, the Trust assets consisted largely of real estate and stock in a privately-held corporation. Currently, the assets consist only of cash, marketable securities, and fixed-income bonds.

The terms of the Trust provide that Braden manage its assets in trust for his sister's lifetime, with the remainder to her heirs and distributees on her death. Petitioners Robert M. Saunders, Jr., and Eliza R. Saunders are Mrs. Saunders' only heirs and distributees and are the remainder beneficiaries of the Trust. Respondent is the successor to the Old Dominion Trust Company, which in turn succeeded Braden Vandeventer, Jr., as the trustee when he resigned.

Petitioners recite in much detail their acute dissatisfaction with Respondent's administration of the Trust, highlighting its poor performance and excessive fees, expenses and taxes. They seek to terminate the Trust in order for the assets to be paid into an account for Mrs. Saunders free of trust, with minimal fees and maintenance expenses, to be paid on death to. her two children. Respondent defends its performance and disagrees with Petitioners' characterization of its handling of Trust assets. Whether Respondent has done a good or a bad job, however, is not the controlling issue. The only issue is whether a material purpose exists in continuing this Trust seventy-one years after a father established it to provide income for his nineteen-year old daughter.

Respondent has submitted a chart listing the statements in Petitioners' Memorandum that it characterizes as genuine disputed issues of material fact that would preclude summary judgment. The Court does not consider that these disputed issues relate to material facts involving the relief requested by Petitioners. A trial, for which witnesses are summoned and called to testify, would shed no light on any of those factual issues. For example, in response to Petitioners argument that they are seeking termination because of a "lack of material purpose in having the Trust," (Pet. Memo. at 4), Respondent states in the chart: "This is a major and material issue of fact. Material purposes include income during Mrs. Saunders' lifetime and the importance of a spendthrift provision."

Identification of an original material purpose of the Trust and whether continuance is unnecessary to achieve any ongoing material purpose must be determined from the language of the Will that established the Trust. Therefore, such issues must be characterized as issues of the law for the Court rather than factual issues about which either party would call witnesses.

*Analysis*

Petitioners' claims are governed by Virginia Code § 64.2-729:

> *Modification or termination of noncharitable irrevocable trust by consent* . . . . B. A noncharitable irrevocable trust may be terminated upon consent of all the beneficiaries if the court concludes that continuance of the trust is not necessary to achieve any material purpose of the trust.

The beneficiaries of the Trust are the three Petitioners, who consent to termination. The Court may thus terminate if it appears that continuance is not necessary to achieve any material purpose of the Trust. Petitioners argue that the material purpose of the Trust is to provide lifetime income to Mrs. Saunders. They suggest that such purpose could be accomplished by termination of the Trust and establishment of an account with lower fees and maintenance charges, reducing costs and income taxes and thus providing more income for Mrs. Saunders.

Respondent argues that the spendthrift provision in the Will, specifying that "the said property and said income shall not be assignable by the said Mary Dunn Vandeventer nor subject to her debts" states the material purpose of the Trust that would be defeated by termination.

Mr. Vandeventer did not spell out the material purpose that motivated him to create the Trust. The Court must divine the existence of such purpose from the words that he used and the uncontested evidence regarding the circumstances surrounding the creation of the Trust:

> Occasionally, a settlor expressly states in the will, trust agreement, or declaration of trust that a specific purpose is the primary purpose or a material purpose of the trust. Otherwise, the identification and weighing of purposes under this Section frequently involve a relatively subjective process of interpretation and application of judgment to a particular situation, much as purposes or underlying objectives of settlors in other respects are often left to be inferred from specific terms of a trust, the nature of the various interests created, and the circumstances surrounding the creation of the trust.

Restatement (Third) of Trusts, § 65, comment (d). The authors caution that "material purposes are not readily to be inferred." *Id.*

With no statement by the settlor about his material purpose and no known circumstance cited by either party that would elevate the inclusion of a spendthrift provision to the material purpose of the Trust (such as, for example, a swarm of creditors surrounding Mrs. Saunders about whom her father was aware), the Court rules that the mere inclusion of a spendthrift

restriction is not sufficient on its own to establish or create a presumption of a material purpose that prevents termination by consent of the beneficiaries. The Court is persuaded by the following discussion in the Restatement (Third) of Trusts, § 65, Comment (e):

> A spendthrift clause may be included as a routine or incidental provision of a trust (unimportant or even unknown to the settlor), as a part of a trust established for tax purposes, merely to provide successive enjoyment, or for other reasons not inconsistent with allowing premature termination upon application of all the beneficiaries. Thus, for example, the fact that a lawyer had explained the effect and advised the inclusion of a spendthrift provision is not alone sufficient to establish that it represents more than an advantage that the beneficiaries are free to relinquish by consenting to termination of the trust.

The Court also notes the language of Uniform Trust Code § 410(c):

> A spendthrift provision in the terms of the trust is not presumed to constitute a material purpose of the trust.

Respondent argues that Virginia has not adopted the Restatement (Third) of Trusts. The language of the actual Restatement section, however, is almost identical to Virginia Code § 64.2-729, suggesting that Virginia law does not diverge from Restatement principles in this area. Further, Virginia courts have cited with approval numerous sections of the Restatement of Trusts: *See, e.g., Sturgis v. Stinson*, 241 Va. 531, 535, 404 S.E.2d 56, 58 (1991) (citing with approval Restatement (Second) of Trusts § 181); *Leonard v. Counts*, 221 Va. 582, 588, 272 S.E.2d 190, 195 (1980) (citing with approval Restatement (Second) of Trusts § 456); *Broaddus v. Gresham*, 181 Va. 725, 733 (1943) (citing with approval Restatement of Trusts § 199); *Carlson v. Wells*, 281 Va. 173, 183, 705 S.E.2d 101, 105 (2011) (citing with approval Restatement (Second) of Trusts § 176); *Stevens v. Stevens*, 59 Va. App. 274, 281 (2011) (citing with approval Restatement (Third) of Trusts, § 75); *In re Estate of Woods*, 71 Va. Cir. 224, 229 (Arlington 2006) (citing with approval Restatement (Third) of Trusts § 78). The Court has not located a Virginia decision relying upon the comments to Section 65, but those comments include citations to decisions that have referenced the section; and no decisions rejecting the section or the comments are listed. The Court thus concludes that this section, like most Restatement provisions, states the broadly accepted common law rather than one side of a controversial issue. Application of the Restatement analysis leads to the conclusion that the spendthrift provision is not the material purpose of the Trust. Virginia Code § 64.2-743(c), cited by Respondent, does not shed any light on the

materiality of a spendthrift provision and does not mandate continuation of trusts that have them when the beneficiaries consent to terminate.

The material purpose of the Trust is to provide income for Mrs. Saunders' life. The Court agrees that such purpose is not defeated by termination of the Trust, inasmuch as she can enjoy that income at a reduced cost to her if the Trust is terminated.

The Court holds that summary judgment is appropriate under Rule 3:20. That rule was adopted "to allow trial courts to bring litigation to an end at an early stage, when it clearly appeared that one of the parties was entitled to judgment in the case as made out by the pleadings and the admissions of the parties." *Carson, ex rel. Meredith v. LeBlanc*, 245 Va. 135, 140 (1993) (citing *Kasco Mills, Inc. v. Ferebee*, 197 Va. 589, 593 (1956)). "Its purpose is to expedite litigation with as few technicalities as possible and thus common law procedural tactics interposed for delay, but it does not substitute a new method of trial where an issue of fact exists." *Leslie v. Nitz*, 212 Va. 480, 481 (1971) (citing *Carwile v. Richmond Newspapers*, 196 Va. 1, 5 (1954)).

The Court finds that there are no material facts genuinely in dispute and that Petitioners are entitled to termination of the Trust. Mr. Hatchett is directed to prepare an Order that accomplishes the termination of the Trust and directs Respondent to distribute all Trust assets into an account owned free of trust by Mrs. Saunders and designated as transferable on death to her two children.