## Richmond

VANCE LEE HILL, JR. v. VERNIE LEE, JR.

March 10, 1969.

Record No. 6842.

Present, All the Justices.

*Boyce C. Wornom* (*Townsend & Wornom*, on brief), for plaintiff in error.

*H. Benjamin Vincent* for defendant in error.

EGGLESTON, C. J., delivered the opinion of the court.

Vance Lee Hill, Jr., filed a motion for judgment against Vernie

Lee, Jr., to recover damages for injuries received when Hill was struck by a car driven by Lee northwardly along Highway 627 near Emporia in Greensville county. The motion alleged that at the time of the accident the plaintiff Hill "was a pedestrian off the hard surface and on the east shoulder" of the highway. The defendant Lee filed grounds of defense denying that he was guilty of any negligence which proximately caused the plaintiff's injuries and alleging that the plaintiff was guilty of contributory negligence. There was a trial before a jury which resulted in a verdict and judgment in favor of the defendant Lee and the plaintiff Hill has appealed.

One of the pivotal issues before the jury was whether at the time of the accident the plaintiff Hill was on the shoulder of the road, as he testified, or on the hard surface as the defendant testified. In view of the jury's verdict the plaintiff does not question the sufficiency of the evidence, but contends that the trial court committed prejudicial errors in its rulings on the admissibility of the evidence and in instructing the jury.

The pertinent evidence on these issues may be summarized thus: The accident occurred on February 12, 1966, shortly after 6:00 P. M., on Highway 627 which runs approximately north and south. This is a two-lane highway, flanked on each side by an 8-foot dirt shoulder partly covered with grass. At the time it was dark, raining, and the pavement and shoulders were wet.

The plaintiff testified that on the day of the accident he quit work about 3:00 P. M.; that after he had taken his wife to a beauty parlor he and Joseph Boone went to a near-by A.B.C. store and purchased a bottle of wine which they took to Boone's house. While there he said that he (Hill) took one drink of the wine, about two inches in a water glass. This was about fifteen minutes before the accident. When asked by his counsel, "[W]hat, if any, effect did you feel from the wine?" his reply was, "I couldn't feel nothing from the wine."

After leaving Boone's house the plaintiff said that he started to walk along the western or left side of the highway, but then crossed over and stood on the eastern or right-hand shoulder about two feet from the hard surface, took off his hat, and tried to flag a passing car. He said that when the Lee car got about three car lengths from him "it started off on the shoulder of the road" and struck him. At the time of the impact, he said, he was "off on the shoulder."

The defendant Lee testified that he approached the scene of the

accident driving a 1956 Buick car at about 35 miles per hour; that he had his dim lights on; that a car proceeding in the opposite direction passed him and immediately thereafter he saw something on the hood of his car which he "recognized" to be a man. Prior to that time he had not seen anyone on or near the road. At the time of the impact he said that he was on the hard surface of the road. He immediately applied his brakes, ran onto the right-hand shoulder, and stopped some distance beyond the point of impact. Returning to the point where the collision had occurred he saw the body of a man with one heel just on the edge of the hard surface. He found that the hood on his car had been dented by the impact.

Lawrence B. Hicks, a passenger in the defendant's car, and Richard Robinson, who was walking along the road near the point of the collision, both testified that the defendant's car did not leave the hard surface until after the impact.

W. H. Johnson, a State Trooper, who visited the scene of the accident within thirty minutes thereafter, testified that he found Hill lying on the east shoulder of the highway with his feet about two feet from the edge of the hard surface. The Lee car had been stopped on the right-hand shoulder about 75 feet beyond where Hill lay, and there was a track leading along the shoulder for that distance up to the wheel of the car. He found on the pavement no broken glass or marks to indicate where the impact had occurred. He further said that the right-hand shoulder along the highway was wet and muddy.

Trooper Johnson further testified that in examining Hill at the scene he could not detect any odor of alcohol on him. However, Roy Barefoot, another trooper who came to the scene shortly after the accident, testified that he examined Hill and that there was a "strong" odor of alcohol about him.

One of the main contentions before us is that the trial court erred in granting, at the request of the defendant, Instruction No. 14 which reads:

"The court instructs the jury that any person who has drunk enough alcoholic beverages to so affect his manner, disposition, speech, muscular movement, general appearance or behavior, as to be apparent to observation, shall be deemed to be intoxicated.

"The court further instructs the jury that if you believe that at the time and place of the accident in question, the plaintiff, Vance Hill, Jr., was intoxicated, then he was negligent. And if you further

believe that such negligence was a contributing cause of his injury, then you shall find your verdict for the defendant, Vernie Lee, Jr."

No objection is taken to the first paragraph of the instruction which defines "intoxicated" in the language of the statute. Code § 4-2(14) [Repl. Vol. 1966]. But the contention is that the evidence before the jury was insufficient to support a finding that the plaintiff Hill had drunk enough alcoholic beverages to be intoxicated as defined in the first paragraph.

We agree with this contention of the plaintiff. The only evidence to sustain the claim that the plaintiff was intoxicated is his admission that about fifteen minutes before the accident he had taken a single drink of wine which, he said, he "couldn't feel," and the testimony of Trooper Barefoot that in examining the plaintiff he observed about him a strong odor of alcohol. There is no contradiction of the plaintiff's testimony that he was not affected by the single drink of wine he had taken, nor is there any evidence that his speech, muscular movement, general appearance or behavior indicated that he was intoxicated.

In a number of cases we have held that the mere odor of alcohol on one's breath presents no question of intoxication for the determination of the jury. See *Burks* v. *Webb, Admx.*, 199 Va. 296, 305, 99 S. E. 2d 629, 636 (1957); *Basham* v. *Terry, Admx.*, 199 Va. 817, 821, 102 S. E. 2d 285, 288 (1958); *Laughlin* v. *Rose, Admx.*, 200 Va. 127, 134, 104 S. E. 2d 782, 787 (1958); *Davis* v. *Sykes*, 202 Va. 952, 955, 121 S. E. 2d 513, 515 (1961).

Conversely, we have held that the odor of alcohol on a person's breath coupled with other circumstances, such as those indicated in the language of the statute (Code § 4-2(14), *supra*), will be sufficient to support a finding of intoxication. *Bogstad* v. *Hope* 199 Va. 453, 100 S. E. 2d 745 (1957); *Oliphant* v. *Snyder*, 206 Va. 932, 147 S. E. 2d 122 (1966).

Since in the present case the evidence was not sufficient to sustain a finding that the plaintiff was intoxicated at the time of the accident, the granting of Instruction No. 14 was reversible error.*

Other rulings of the trial court which may occur at a new trial will be dealt with briefly.

---

* In our view it is not necessary that we consider the soundness, not raised in the lower court, of the principle stated in the second paragraph of the instruction, that if the jury believe that at the time and place of the accident the plaintiff "was intoxicated, then he was negligent."

■ As has been said, one of the vital issues presented to the jury was whether the Lee car had run off the hard surface of the highway and struck the plaintiff while he was standing on the shoulder of the road. Over the objection of the plaintiff, counsel for the defendant was permitted to ask Trooper Johnson the following question: "Based on your observations of the shoulder of the road and the conditions of the weather and the conditions of the soil, would you state whether or not, assuming the car had gone off of the hard surface road between the point where the plaintiff's body lie [*sic*] and where the bridge was, would a car have made tracks on that soil?" To this question the witness replied, "Yes, sir."

The objection to this question made in the trial court and pressed before us is that it was an expression of opinion on a matter of common knowledge as to which the jury were as competent to form an intelligent and accurate opinion as the witness. We agree with this position. We have several times said that expert evidence is inadmissible on matters of common knowledge as to which the jury are as competent to form an intelligent and accurate opinion as the witness. *Grasty v. Tanner*, 206 Va. 723, 726, 146 S. E. 2d 252, 254 (1966), and cases there cited. See also, 31 Am. Jur. 2d, Expert and Opinion Evidence, § 21, pp. 516, 517.

In the present case Trooper Johnson described the shoulder of the road and testified that it was wet and muddy. He also said that he observed a single tire track on the shoulder beyond where the plaintiff was lying after the impact. Whether this indicated that the defendant's car had not run off the hard surface onto the shoulder before the impact was a matter which the jury were quite competent to decide. However, we do not regard the admission of this testimony by the trooper to be of sufficient import to constitute reversible error. But it should not be admitted at a new trial.

■ Complaint is made that the trial court, on the objection of the defendant, refused to admit into evidence small photographs of the scene of the accident. We find no error in this ruling. As the court pointed out, the jury viewed the scene and the photographs added nothing to what they had observed there.

Because of the error of the trial court in granting Instruction No. 14, the judgment is reversed, the verdict of the jury set aside, and the case remanded for a new trial.

*Reversed and remanded.*