## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Joseph H. Green

v.

John Doe

### May 10, 1972

By JUDGE ALEX H. SANDS, JR.

This case arises out of an automobile collision occurring on January 27, 1970, between a vehicle operated by the plaintiff travelling west on East Main Street in the City of Richmond and a light pole located on the north side of East Main Street, east of 15th Street. Plaintiff alleges that he was forced into the pole by the operation of an unknown vehicle by an unknown operator. James Faison, a passenger in the Green vehicle, brought suit against Green and John Doe, and a discovery deposition of James Faison was taken in that proceeding.

The instant case was set down for trial, and just prior to trial, counsel for the defendant John Doe moved for a continuance upon the ground that James Faison, the passenger in the plaintiff's vehicle and the plaintiff in the suit above mentioned, could not be reached and was not available for trial. It appearing to the court that there was doubt as to whether or not, even though the continuance were granted, Faison could be located and brought to testify

at the trial at the time that the case was again set for trial, and the motion for continuance being opposed, the court refused to grant the continuance but, over the objection of the plaintiff, permitted Faison's discovery deposition, taken in connection with the prior case, to be read at trial. Plaintiff's counsel objected to this on the ground that while the plaintiff had been present at the taking of the prior deposition, he was represented by different counsel at that time and that counsel in the instant case had not had an opportunity to cross- examine Faison at the time his deposition was taken.

The case went to trial at the scheduled time and resulted in a verdict for the defendant.

During the course of the trial, police officer R. A. Litton, who investigated the accident, was permitted, over the objection of counsel for plaintiff, to testify that the plaintiff, Joseph H. Green, had a strong odor of alcohol on his breath when he, Litton, arrived at the scene of the accident.

While the plaintiff assigns seven grounds for his motion to set aside the verdict, the court feels that the above two grounds are the only ones which merit consideration and these will be discussed in the order above named.

### Admission of Prior Deposition

Present Rule 4:7(a)(3)(B) reads:

> The deposition of a witness, whether or not a party, may be used by any party for any purpose in any action at law, issue out of chancery or hearing ore tenus in equity if the court finds: . . . that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of this state, unless it appears that the absence of the witness was procured by the party offering the deposition.

(D) . . . that the party offering the deposition has been unable to procure the attendance of the witness by subpoena.

Counsel for plaintiff takes the position that this Rule is not applicable because the action in question was instituted prior to the time that this Rule took effect. In a footnote found at page 27 of the new Rules, however, it provides that Part 4 (the discovery procedures) also govern proceedings in suits and actions pending at the time of the effective date of the Rules, except to the extent that in the opinion of the court the application would not be feasible or would work injustice. The court found in this case that the admission into evidence of the deposition in question was feasible and would not work an injustice.

Plaintiff's attorney next takes the position that the interest and motive of the attorney representing plaintiff in the prior action when he cross--examined Faison was not the same interest and motive as would be motivating counsel for Plaintiff at the case at bar. Counsel relies upon this statement of Professor Wigmore approved by the court in the case of Hertz v. Graham, 23 F.R.D. 17 at page 20, which reads as follows:

It ought, then, to be sufficient to inquire whether the former testimony was given upon such an issue that the party-opponent in that case had the same interest and motive in his cross-examination that the present opponent has.

In Hertz, the court, after reviewing several cases involving similar facts, Rivera v. American Export Lines, 13 F.R.D. 27; Scotti v. National Air Lines, Inc., 15 F.R.D. 502; Insul-Wool Insulation Corp. v. Home Insulation, Inc., 176 F.2d 502, held that not only were the issues the same in the former case (the Brite v. Graham case) but in each case counsel for the plaintiff in Hertz had the same interest and motive in his cross-examination as plaintiff's counsel had in Brite.

The court feels this to be particularly true in the case at bar. Mr. Michael Moncure, who represented the present plaintiff who was the defendant in the prior case, had the identical motive prompting his cross-examination as would the plaintiff's counsel in the case at bar were Faison present; i.e., the establishing of the fact that there was, in fact, a John Doe car at the scene of the accident. This, in the last analysis, is what both of the cases were all about. The fact that counsel in the present case may have approached the pursuit of this motive from a different angle is not the test. It may well be that he may have subjected Faison to perhaps a more rigorous cross-examination than did plaintiff's counsel in the prior case, although this is doubtful, but even assuming this to be a fact, it is apparent from a reading of the cross-examination in the deposition in the prior case that counsel did in fact make every effort to establish that there was a John Doe car present at the scene since this would have supported his client's testimony to the effect that he, Green, had been run off the road and into the pole by this unknown vehicle. For the above reasons, it is felt that the court did not err in permitting the use of this deposition at trial.

## Effect of Odor of Alcohol

This brings us to the next question as to whether or not the court erred in admitting in evidence over objection of plaintiff's counsel the testimony of the Police officer that he detected the odor of alcohol on the plaintiff's breath immediately after the accident. The way in which this first came up was that plaintiff's counsel made a motion prior to embarking upon the trial that the defendant be instructed against the introduction of this evidence. The court refused to so instruct defendant's counsel upon the grounds that it would be impossible to determine until all the evidence was in whether there were other facts which might be bearing upon the question of intoxication. The evidence was accordingly admitted over counsel for plaintiff's objection. No instruction was asked by

defendant, nor was any given, relating to the issue of intoxication. The question presented, therefore, is whether or not the mere admission into evidence of the odor of alcohol, while insufficient without more, to constitute evidence of intoxication, constitutes error on the part of the court in so admitting it.

The law in Virginia upon this question appears to be fairly clear. The Virginia court has consistently held that the odor of alcohol upon one's breath is not of itself sufficient to establish intoxication nor is it sufficient to even raise the question of intoxication or to inject this issue into the case. See Hill v. Lee, 209 Va. 569 and authorities cited and reviewed.

While such testimony does not justify the submission of the issue of intoxication to the jury, however, it is proper evidence that could be considered by the jury in determining whether or not any alcoholic consumption on the part of the party in question, no matter how slight, might have affected his operation of his vehicle in connection with proper lookout, proper control, etc. Thus, in the case of Davis v. Sikes, 202 Va. 952, where there was evidence of the odor of alcohol on defendant's breath at the time of the collision, the defendant asked for an instruction to the effect that the mere odor of alcohol on his breath was not sufficient proof of intoxication. The court rejected this instruction upon the basis that intoxication was not an issue in the case. The Supreme Court affirmed the action of the trial court and held that there was no duty on the court to give an instruction upon an issue that was not in the case. The court went on, however, to hold that this evidence, which was in the case, could properly have been considered by the jury as having something to do with the defendant's having gone to sleep at the wheel.

It is, therefore, felt that the admission of this testimony in the case at bar did not constitute error although to have instructed that this could have been considered by the jury as evidence of intoxication might well have been error on the part of the court.

For the above reasons, the plaintiff's motion to set aside the verdict is overruled. Judgment will be entered upon the verdict.