KENNETH LOPEZ

V.

MACY LYNWOOD DOBSON, ET AL.

Record No. 900339

November 9, 1990

Present: All the Justices

Thomas J. Harrigan (Duvall, Harrigan, Hale, Downey, Carl-son, Hassan & Penn, on brief), for appellant.

Stephen P. Zachary (Martell, Donnelly, Grimaldi & Gallagher, on brief), for appellees.

JUSTICE WHITING delivered the opinion of the court.

In this automobile collision case, we deal with two questions involving the admissibility of opinion evidence. First, whether an investigating police officer can testify as to the point of collision; and, second, whether a state employee can describe the "purpose" of a traffic sign erected by the state.

About 10:15 a.m. on September 11, 1984, Kenneth Lopez was driving a Ford car south on U.S. Route 1 in Arlington. Lopez attempted to make a left turn off Route 1 onto 23rd Street, which runs east-west and intersects Route 1 at a right angle.

About the same time, Macy Lynwood Dobson, an employee of P.I.E. Nationwide Inc. (P.I.E.), was driving its Ford truck down a northbound ramp that merges with Route 1 a short distance south of the intersection of Route 1 and 23rd Street. Dobson intended to proceed north on Route 1 after clearing the intersection of Route 1 and 23rd Street.

The two vehicles collided in or near the intersection. The truck struck the car on its right door and right rear quarter panel.

On September 10, 1986, Lopez filed an action against Dobson and P.I.E. to recover for personal injuries he sustained in the collision. Dobson and P.I.E. denied that Dobson was negligent and claimed that Lopez was guilty of contributory negligence. At a jury trial on October 31 and November 1, 1989, the jury returned a verdict for Dobson and P.I.E., upon which judgment was entered on December 29, 1989. Lopez appeals.

Lopez contends that the trial court erred in permitting the investigating police officer, John C. Serafinas, to give his opinion regarding the point of collision of the vehicles. The defendants claimed that Lopez was guilty of contributory negligence by "cutting the corner" in violation of his statutory duty to drive to the

right of the center line on 23rd Street. If the vehicles collided north of the double line on 23rd Street, this fact would support the defendants' claim.

There was a dispute about the point of impact. Lopez testified that his car was struck south of the double line on 23rd Street; Dobson testified that Lopez' car was north of the double line when the collision occurred.

Serafinas testified that pieces of debris were found north of the double line on 23rd Street. Over Lopez' objection, the trial court also permitted Serafinas to express his opinion that the vehicles collided on the north side of the double line. Lopez contends that this was prejudicial error. We agree.

Opinion evidence is not admissible "on matters of common knowledge as to which the jury are as competent to form an intelligent and accurate opinion as the witness." *Hill* v. *Lee*, 209 Va. 569, 573, 166 S.E.2d 274, 277 (1969). "A witness may describe the marks that he has observed near the place of an accident. The inference to be drawn from the testimony regarding such tire marks, skid marks, or scratches is solely the province of the jury." *Richardson* v. *Lovvorn*, 199 Va. 688, 693, 101 S.E.2d 511, 514 (1958).

Applying the principle enunciated in *Richardson*, we held inadmissible and prejudicial an expert witness' opinion that marks on the road surface and photographs of damage to the involved vehicles indicated that a defendant's vehicle was partially in plaintiff's lane of travel just prior to the impact. *Venable* v. *Stockner*, 200 Va. 900, 904-905, 108 S.E.2d 380, 383 (1959). We see no essential difference between opinion testimony based on observation of marks in the road and opinion testimony based on observation of debris on the road. Therefore, allowing Serafinas to testify as to the point of collision was error.

Citing *Hill*, the defendants contend that the admission of Serafinas' opinion could not have prejudiced Lopez. *Hill* held inadmissible, but non-prejudicial, an investigating officer's opinion that a car would have made a tire mark on the soft shoulder of the road prior to the point of impact with the plaintiff-pedestrian, just as the defendant's car did after the point of impact. 209 Va. at 573, 166 S.E.2d at 277. In *Hill*, the Court said "we do not regard the admission of this testimony by the trooper to be of sufficient import to constitute reversible error." *Id.* at 573, 166 S.E.2d at 277. In contrast, the crucial fact regarding the point of

impact was the subject of the officer's opinion and was of great import in this case. Under these circumstances, the trial court erred to Lopez' prejudice in permitting Serafinas to express his opinion regarding the point of impact.

Because of the admission of Serafinas' opinion as to the point of collision, we will reverse the judgment of the court and remand the case for further proceedings consistent with this opinion.

Since the issue may arise again upon retrial, we address Lopez' complaint that the trial court erroneously admitted certain testimony of William Paul Harrell, a transportation engineer in the Traffic Engineering Section of the State Highway and Transportation Commission (now the Commonwealth Transportation Board). Harrell, in charge of overseeing the installation of traffic signs in the Northern Virginia District, testified as to the "purpose" of the yield right-of-way signs posted at the bottom of the ramp on which Dobson was driving prior to the collision. He said, "[t]he purpose of the yield sign is for traffic coming down the ramp to yield to traffic on Route 1."

■ Code § 46.2-821 provides that "[w]here a 'Yield Right-of-Way' sign is posted, the driver of a vehicle approaching or entering such intersection shall . . . yield the right-of-way to the driver of another vehicle approaching or entering such intersection from another direction." The duty of drivers faced with traffic signs is a matter of law for the court to decide, not for a lay witness to explain in testimony. *See Ortiz v. Barrett*, 222 Va. 118, 130, 278 S.E.2d 833, 839 (1981); *State Farm Mut. Auto. Ins. Co. v. Smith*, 206 Va. 280, 290, 142 S.E.2d 562, 569 (1965); *Virginia Coal & Iron Co. v. Ison*, 114 Va. 144, 151-52, 75 S.E. 782, 785 (1912). On retrial, such testimony should not be permitted.

*Reversed and remanded.*