DEBRA L. BROWN, ADMINISTRATRIX OF THE ESTATE OF
DONALD STEVEN GEORGE BROWN, JR.

v.

HAROLD LEE CORBIN, ET AL.

Record No. 920296

November 6, 1992

Present: All the Justices

*John G. Berry (Jeffrey C. Early; Berry & Early*, on brief), for appellant.

*Matthew B. Murray (Richmond and Fishburne*, on brief), for appellee Harold Lee Corbin.

No brief or argument on behalf of John Doe.

JUSTICE LACY delivered the opinion of the Court.

In this appeal of a wrongful death action, we consider whether the trial court properly admitted certain accident reconstruction evidence in the form of expert testimony and a photograph.

On August 15, 1990, Harold Lee Corbin was driving east on Route 638 in Orange County. As Corbin approached a curve in the road, another vehicle, operated by an unknown driver designated as John Doe, approached the same curve from the opposite direction. Doe's vehicle was partially in Corbin's lane of travel. Attempting to

avoid the Doe vehicle, Corbin turned right and the right wheels of his vehicle left the road surface and travelled along the grass and gravel shoulder. Then Corbin changed his path abruptly, swerved back across both lanes of traffic, and struck Donald Steven George Brown, Jr., who was standing with his brother on the opposite shoulder of the roadway. Donald died as a result of the injuries he suffered from the impact of the vehicle.

Debra L. Brown filed a motion for judgment in her capacity as administratrix of the estate of her son, Donald, against Harold Corbin and John Doe. At trial, Corbin offered no explanation for his vehicle's abrupt change in direction, but he testified that Doe's vehicle may have sideswiped his car just before his car veered sharply back across the road. Corbin also testified that he attempted to apply his brakes, although he admitted that he mistakenly may have accelerated instead. Corbin contended that his actions were an appropriate response to the sudden emergency created by Doe's vehicle's presence in his travel lane.

At the conclusion of the trial, the jury returned verdicts for Brown against Doe in the amount of $503,378.80 and in favor of Corbin. The court entered final judgment in accordance with those verdicts on December 2, 1991.*

Brown filed this appeal, assigning as error certain evidentiary rulings of the trial court. Specifically, Brown contends that the trial court erred when it admitted a photograph offered by Corbin without proper foundation. Additionally, Brown argues that the trial court erred when it allowed Corbin's expert to offer irrelevant and speculative testimony and opinions on factual issues properly within the province of the jury. We consider those assignments of error seriatim.

## I.

Corbin offered a photograph purporting to recreate his perspective as he approached the accident scene on August 15, 1990. Corbin was asked by his counsel whether the photograph accurately depicted what he had seen as he approached the accident scene. Corbin responded, "Yes, sir. This is — this is what — somewhat similar to what I saw." The trial court admitted the photograph over

---

* Doe did not appeal the jury's verdict on the question of his liability, and no challenge has been made to the damage award.

Brown's objection. Brown argues that Corbin failed to lay an adequate foundation on which to admit the photograph and that the trial court erred when it allowed the photograph into evidence. We agree.

■ A staged photograph purporting to depict the circumstances existing at the time of an event, *e.g.*, Corbin's approach to the curve, is in the nature of a test or experiment which is offered for the same purpose. 2 Charles C. Scott, *Photographic Evidence* § 1101 (2d ed. 1969). Accordingly, the party who offers such evidence must show that the reconstruction or recreation is substantially similar, although not necessarily identical, to the actual event in all of its essential particulars. *See Habers* v. *Madigan*, 213 Va. 485, 487, 193 S.E.2d 653, 655 (1973). *See also Mary Washington Hosp.* v. *Gibson*, 228 Va. 95, 99, 319 S.E.2d 741, 743 (1984); *Saunders* v. *Bulluck*, 208 Va. 551, 558, 159 S.E.2d 820, 826 (1968).

■ Corbin testified only that the photograph was "somewhat similar" to what he saw on August 15, 1990. Corbin did not enumerate the differences between the photograph and the actual scene, nor did he testify to the similarities between the conditions and circumstances depicted in the photograph and those which had prevailed on August 15, 1990. Therefore, we find that Corbin failed to lay an adequate foundation on which to admit the reenactment photograph. Accordingly, we hold that the trial court erred when it admitted the photograph.

## II.

■ Next, we consider whether the trial court properly admitted the testimony of Corbin's witness, Stephen B. Chewning, as an expert in the field of accident reconstruction. The admission of expert testimony is committed to the sound discretion of the trial judge, and we will reverse a trial court's decision only where that court has abused its discretion. Nonetheless, expert testimony is inadmissible on any subject on which the ordinary lay person of average intelligence is equally capable of reaching his or her own conclusion. *See Lopez* v. *Dobson*, 240 Va. 421, 423, 397 S.E.2d 863, 865 (1990). Furthermore, this Court repeatedly has held that, applying that standard, accident reconstruction expert testimony is rarely admissible in Virginia because it invades the province of the jury. *See Grasty* v. *Tanner*, 206 Va. 723, 726-27, 146 S.E.2d 252, 254-55 (1966); *Venable* v. *Stockner*, 200 Va. 900, 904-05, 108 S.E.2d 380, 383-84 (1959). We specifically have excluded expert

testimony as to the speed of vehicles in automobile-related cases. *See Thorpe* v. *Commonwealth*, 223 Va. 609, 614, 292 S.E.2d 323, 326 (1982); *Grasty*, 206 Va. at 726-27, 146 S.E.2d at 254-55.

Brown contends that Chewning's testimony invaded the province of the jury on key issues in the case and was speculative, irrelevant, and inadmissible. Corbin responds that Chewning never offered any expert opinions and provided relevant testimony in response to Brown's own reconstruction of the accident through Deputy Sheriff Daniel D. Dickson's testimony.

■ We agree that Chewning did not offer any affirmative expert conclusions on the issues of speed or on the actual path of Corbin's vehicle along the shoulder of the road. Chewning testified that he needed certain information to determine the speed of Corbin's vehicle and to find the points at which Corbin's right tires left, and reentered, the road surface. Chewning testified that he could not reach a scientifically accurate conclusion on those issues because Deputy Sheriff Dickson failed to obtain that "necessary" information when he investigated the accident. Therefore, while Chewning did not offer expert opinions on either of those issues, his testimony concerning what he might have concluded with information which was not in the record was, at best, irrelevant.

■ Corbin argues that Chewning's testimony was relevant precisely because it attacked Dickson's credibility and the validity of Dickson's investigation and, therefore, properly responded to Dickson's testimony. Corbin had the opportunity to cross-examine Dickson about the investigation and to argue any alleged inconsistencies to the jury at the conclusion of the trial. The issue of a witness's credibility falls squarely within the jury's province, and is one which a jury can resolve without any expert testimony to assist it. *See Parker* v. *Davis*, 221 Va. 299, 305, 269 S.E.2d 377, 381 (1980).

■ Chewning did offer direct or inferential expert opinions on other important factual issues in the case. For example, Chewning testified that Corbin's car would have left certain marks on the road if it had accelerated. A witness can testify to marks or debris he observes in a roadway after an accident, but only the jury is entitled to draw any inferences from those marks. *Lopez*, 240 Va. at 423, 397 S.E.2d at 865. Chewning's opinion essentially drew inferences from the absence of the marks, *i.e.*, that where there were no marks, there had been no acceleration.

Chewning also stated his opinion on the friction factors for the road and shoulder surfaces and informed the jury that a car naturally

pivots toward the surface with more friction, here, the road. Chewning's opinion on that issue gave the jury an expert's explanation for the vehicle's abrupt turn across the road, a key factor in the case. The record does not show that he arrived at the figures through any scientifically accurate tests or formulas, but instead it shows only that Chewning estimated the friction on the surfaces on ''an August day.'' His opinion, therefore, was nothing more than speculation, and the trial court abused its discretion when it allowed Chewning to present that speculation to the jury as a scientifically accurate opinion. *See Thorpe*, 223 Va. at 614, 292 S.E.2d at 326.

Chewning also testified that Corbin's point of perception was ''generally more than two hundred feet'' although, once again, the record contains no scientific foundation for this opinion. Finally, Chewning told the jury that, based upon certain photographs, he would have investigated further the possibility of contact between the Doe and Corbin vehicles. Chewning testified that a piece of white cloth, visible in one photograph but not in a later photograph, would have caused him to investigate whether the Doe and Corbin vehicles collided prior to Corbin's abrupt turn across the road.

Chewning's testimony on these points did not offer scientific opinions to assist the jury in resolving certain factual issues. Instead, it suggested, by implication, that Dickson's investigation was inadequate and that Dickson's testimony was not credible. Once again, we hold that the jury properly resolves those issues without expert testimony.

Taken as a whole, Chewning's testimony was largely irrelevant to any legitimate area of inquiry, repeatedly invaded the jury's province as factfinder, and offered speculation in the guise of scientific opinion which, when presented through the testimony of an expert, prejudiced Brown's case.

Accordingly, we find that the trial court abused its discretion when it admitted Chewning's testimony and the photograph, and we will vacate the judgment as to Corbin and remand the matter for a new trial limited to the issue of whether Corbin was jointly and severally liable with John Doe.

*Reversed and remanded.*