COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Lemons and Frank
Argued at Norfolk, Virginia


MALCOLM LARICE WILLIAMS

MEMORANDUM OPINION[*] BY
v.    Record No. 1928-98-1          JUDGE ROBERT P. FRANK
                                    FEBRUARY 29, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

Andrew G. Wiggin (Edward W. Webb, Assistant
Public Defender, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Malcolm Larice Williams (appellant) appeals his conviction of unlawful wounding. On appeal, he contends that the trial court: 1) abused its discretion in refusing to admit opinion testimony from an expert witness for the defense, 2) erred in refusing to allow cross-examination of a witness for the Commonwealth regarding an incident that occurred after the offense, and 3) erred in refusing to allow testimony from a witness for the defense regarding the incident that occurred after the offense. We disagree and affirm the conviction.

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

## I. BACKGROUND

Appellant and Canute Brown (victim) fought at a party on the evening of August 17, 1997. The fight, which occurred outside, was broken up and the two men separated. Appellant went into a house while the victim prepared to leave the party. Then, appellant came out of the house carrying a knife. He approached the victim and the two men fought again. Before the fight was broken up, appellant cut the victim on the shoulder with the knife. The victim got into his car to leave, and appellant shattered the driver's side window of the vehicle. Particles of glass fell onto the victim.

Before the police arrived, appellant fled the scene. Officer Hendricks of the Virginia Beach Police Department testified that when he arrived at the party the victim had a laceration on his left shoulder that was five or six inches in length. The paramedics arrived shortly after the police. Jasen White, a volunteer with the Virginia Beach Rescue Squad, treated the victim at the scene. He testified that the victim did not answer when asked if he had been stabbed. He reported the victim's injury as an abrasion that was six to eight inches in length with minor bleeding. The trial court permitted White to testify as to his concept of an abrasion. White described an abrasion as similar to the wound a person receives when he or she falls and scrapes his or her knee.

-

On September 30, 1997, Officer Monteiro of the Virginia Beach Police Department questioned appellant about the incident at the party. Officer Monteiro read appellant his Miranda rights, and appellant agreed to talk with the officer. Initially, appellant only admitted to fighting with the victim and shattering the car window. He denied having a knife and cutting the victim. After further questioning, appellant admitted to getting a knife but denied using it.

A second incident between appellant and the victim occurred a few days after the party. At trial, counsel for appellant attempted to cross-examine a witness for the Commonwealth about the second incident. The Commonwealth objected on the ground of relevance. Counsel for appellant argued that the witness' testimony would go to state of mind and motive to fabricate. The trial judge sustained the objection. Counsel for appellant did not make a proffer of the witness' testimony. Later, counsel for appellant attempted to recall a defense witness to testify about the second incident. The Commonwealth objected. Counsel for appellant proffered the witness' testimony, but the trial judge sustained the objection on the basis that the testimony would be prejudicial to the Commonwealth because the Commonwealth's witnesses had been released and there was no opportunity for rebuttal.

The jury convicted appellant of unlawful wounding, and he was sentenced to serve five years in the state penitentiary.

-

## II.  ANALYSIS

Appellant contends on appeal that the trial court:  1) abused its discretion in refusing to admit opinion testimony from an expert witness for the defense, 2) erred in refusing to permit cross-examination of a witness for the Commonwealth regarding an incident that occurred after the offense, and 3) erred in refusing to permit testimony from a witness for the defense regarding the incident that occurred after the offense.  We disagree and affirm the conviction.

"The admissibility of evidence lies within the sound discretion of the trial court.  A trial court's evidentiary rulings will not be disturbed on appeal unless a clear abuse of discretion is shown."  Mack v. Commonwealth, 20 Va. App. 5, 7, 454 S.E.2d 750, 751 (1986) (citing Coe v. Commonwealth, 231 Va. 83, 88, 340 S.E.2d 820, 823 (1986)).

> The admission of expert testimony is
> committed to the sound discretion of the
> trial judge, and we will reverse a trial
> court's decision only where that court has
> abused its discretion.  Nonetheless, expert
> testimony is inadmissible on any subject on
> which the ordinary lay person of average
> intelligence is equally capable of reaching
> his or her own conclusion.

Brown v. Corbin, 244 Va. 528, 531, 423 S.E.2d 176, 178 (1992) (citation omitted).

Prior to trial, the trial court ruled that Jasen White, the volunteer for the Virginia Beach Rescue Squad, could not testify as an expert witness that the victim's wound was inconsistent with

-

a knife wound because he was not qualified to give opinion testimony.  The trial judge, however, permitted White to describe the wound as an abrasion.

We hold that the trial court did not err in excluding White's opinion testimony.  We find, based on the detailed description of the wound, that expert testimony was unnecessary in this case. "[T]he ordinary lay person of average intelligence," id., based on the description of the wound, could have determined whether the injury was inflicted by a knife.  Therefore, such determination was within the province of the jury.

Appellant contends that the trial court erred in refusing to permit him to cross-examine one of the Commonwealth's witnesses regarding an incident that occurred several days after the party. At trial, however, appellant did not proffer the witness' testimony when the trial court sustained the objection.

"When an objection is sustained and evidence is rejected, it is incumbent upon the proponent of the evidence to make a proffer of the expected answer; otherwise, the appellate court has no means of determining if the evidence is material or otherwise admissible."  Speller v. Commonwealth, 2 Va. App. 437, 440, 345 S.E.2d 542, 545 (1986) (citing Blue Cross v. Commonwealth, 221 Va. 349, 357, 269 S.E.2d 827, 832 (1980)).

We find that appellant's appeal of this issue is procedurally barred because he did not proffer the testimony of

-

the witness at the time the trial court sustained the objection to the evidence.

Appellant challenges the trial court's refusal to permit him to recall a defense witness to testify about the incident that occurred several days after the victim was injured at the party.

"A trial court exercises discretion in deciding whether to permit the recall of witnesses for further examination." Avocet Development Corp. v. McLean, 234 Va. 658, 669, 364 S.E.2d 757, 764 (1988) (citation omitted).

The trial court refused to permit appellant to recall the witness because the Commonwealth had released its witnesses for rebuttal based on an earlier ruling by the trial court. The trial court ruled that permitting recall of the witness would be prejudicial to the Commonwealth.

The Commonwealth released its witnesses before the defense rested and did so at its own peril. However, appellant had the opportunity to question the witness about the incident during direct examination. Therefore, we find no abuse of discretion by the trial court.

For these reasons, we affirm appellant's conviction.

Affirmed.

-