COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, Petty and Senior Judge Clements
Argued by teleconference


DEAN THOMAS BRADLEY

MEMORANDUM OPINION[*] BY
v.      Record No. 1444-08-4             JUDGE JEAN HARRISON CLEMENTS
                                         OCTOBER 20, 2009
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Jonathan C. Thacher, Judge

J. Burkhardt Beale (Boone Beale, on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (William C.
Mims, Attorney General, on brief), for appellee.


        Dean Thomas Bradley (appellant) was convicted of felony hit and run in violation of Code

§ 46.2-894.  On appeal, he contends the trial court erred in:  (1) denying his motion to dismiss the

charge where the blood sample was destroyed before it was analyzed by an independent laboratory;

(2) ruling his due process rights were not violated where he was denied the opportunity to have the

blood sample analyzed for the presence of Zolpidem (Ambien); (3) refusing to allow his expert

witness testify as to the effect of Ambien on him; (4) ruling that hit and run is a *malum prohibitum*

offense; and (5) finding the evidence was sufficient to convict him of the offense.  Finding no error,

we affirm appellant's conviction.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

BACKGROUND

"In accordance with familiar principles of appellate review, we 'state the evidence presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'" Pearson v. Commonwealth, 43 Va. App. 317, 319, 597 S.E.2d 269, 270 (2004) (quoting Johnson v. Commonwealth, 259 Va. 654, 662, 529 S.E.2d 769, 773 (2000)).

At approximately 8:30 p.m. on May 28, 2007, appellant drove his car into the rear of the victim's car while the victim's car was stopped at a red light. The victim's car was forced into the intersection and the impact caused the victim to strike her head on the steering wheel, cutting her forehead. The victim's forehead bled, and she was transported to the hospital. The victim testified the vehicle that struck her car drove away "within minutes" of the accident. Appellant did not speak with the victim or give her any identification or insurance information. An eyewitness saw appellant's vehicle make a u-turn and drive away from the scene.

About four-tenths of a mile from the accident scene, appellant's vehicle became disabled after he narrowly missed another vehicle and drove onto the sidewalk then back into the street where it stopped. A witness heard appellant ask a bystander for a telephone so he could get "a ride." Officer Eric Becker reported to the scene, and he found appellant sitting on the curb near his car. Appellant's car had front-end damage, both airbags were deployed, and it was leaking fluids. Becker testified that appellant stated he was the driver of the vehicle and he remembered "the crash," which he said had occurred five minutes ago. Becker testified appellant also admitted he had been drinking alcohol until about 5:00 p.m. on the date of the incident and he had taken "several prescription medications that day," including Ambien.

At trial, appellant testified that prior to the incident, he consumed three or four lager beers in the mid-afternoon, then he took one ten-milligram Ambien pill at about 7:00 or 7:30 p.m. Appellant acknowledged that the Ambien bottle contained a warning that the drug "may impair driving." Appellant also acknowledged that, one month prior to the incident, he had been warned by a state trooper not to take prescription medications with alcohol. However, he stated that because "some time had lapsed" since he had consumed the alcohol, he believed it would be acceptable to take the Ambien pill when he did. Appellant admitted that he voluntarily consumed both the alcohol and the Ambien pill. As impeachment evidence, the Commonwealth introduced a certificate of analysis, which showed appellant's blood alcohol content was 0.21% by weight by volume.

Appellant testified he went to bed after taking the Ambien pill, and his next memory was "something hitting [him] in the face really hard." He then realized his car airbag had deployed in his face and he could see car headlights around him. He testified that he knew he "had hit something," but he did not know he had struck an occupied vehicle when he drove away from the scene of the accident. Appellant also presented evidence from Richard McGarry, an expert witness in pharmacology and toxicology.

Trooper Wesley Paul testified that on April 28, 2007, one month prior to the incident, he twice advised appellant that taking medication with alcohol "is not the best idea when getting behind the wheel."

The trial court found that appellant's own testimony, that he knew he had been in an accident, yet he drove about one-half mile away from the accident scene with his airbags deployed, was sufficient to find him guilty beyond a reasonable doubt. This appeal followed.

ANALYSIS

Destruction of the Blood Sample

At a pretrial hearing, appellant moved to dismiss the hit and run charge because the Department of Forensic Science had destroyed the remainder of the blood sample collected on the night of the incident pursuant to the implied consent statute.[1] See Code §§ 18.2-268.2 and 18.2-268.7. Appellant acknowledges that the statutory scheme for the implied consent law pertains to driving under the influence cases, whereas his case involves a violation of Code § 46.2-894, the hit and run statute. However, he contends that the evidence was exculpatory and that his due process rights were violated when he was denied the opportunity to conduct an independent analysis of the blood sample for the presence of Ambien. He asserts the analysis would have corroborated his testimony that the presence of Ambien created his unconscious state of mind so that he did not consciously or knowingly leave the scene of the accident.

"Brady [v. Maryland, 373 U.S. 83 (1963),] and its progeny pertain to exculpatory evidence still in the government's possession, of which the exculpatory value is known." Gagelonia v. Commonwealth, 52 Va. App. 99, 114, 661 S.E.2d 502, 510 (2008). However, Arizona v. Youngblood, 488 U.S. 51 (1988), "pertain[s] to evidence that is no longer in the government's possession, whose exculpatory value, if any, is unknown." Gagelonia, 52 Va. App. at 114, 661 S.E.2d at 510.

> [A] defendant seeking a new trial on the basis of missing evidence formerly in the Commonwealth's possession must show that (1) the evidence possessed an apparent exculpatory value, (2) the defendant could not obtain comparable evidence from other sources, and (3) the Commonwealth, in failing to preserve the evidence, acted in bad faith. Furthermore, "[t]he presence or absence of bad faith by the police for purposes of the Due Process Clause must necessarily turn on the police's

---

[1] The pretrial hearing on the motion to dismiss was held before Judge J. Howe Brown.

knowledge of the exculpatory value of the evidence at the time it was lost or destroyed."

Id. at 115, 661 S.E.2d at 510 (quoting Youngblood, 488 U.S. at 56 n.*).

"[U]nder the Youngblood standard, a state's failure to preserve potentially useful evidence does not constitute a denial of due process unless a defendant can show bad faith on the part of the state." Lovitt v. Warden, 266 Va. 216, 241, 585 S.E.2d 801, 815 (2003) (citing Youngblood, 488 U.S. at 58).

The presence or absence of bad faith by the state depends on whether agents of the state had knowledge of the exculpatory value of the evidence when it was lost or destroyed. Thus, the possibility that evidence could have exculpated a defendant depending on future testing results is not enough to satisfy the constitutional standard of materiality.

Id.

The trial court's "determination that there was an absence of bad faith was a finding of fact, not of law . . . ." Id. "[F]actual findings made by the [trial] court are entitled to deference and are binding in this proceeding unless they are plainly wrong or without evidence to support them." Id. at 241, 585 S.E.2d at 816.

The trial court denied the motion to dismiss, finding the laboratory did not act in bad faith when it destroyed the evidence and the evidence was not exculpatory. The finding of an absence of bad faith is supported by the evidence and is not plainly wrong. The record shows the blood sample was destroyed after the entry of a court order instructing that it be preserved for independent analysis. However, as appellant acknowledges, the blood sample was analyzed by the Commonwealth's laboratory for alcohol content only. Thus, based on the analysis performed, there was no awareness of the presence of any substance, other than alcohol, in appellant's blood sample at the time it was destroyed. Accordingly, even assuming without deciding that the presence of Ambien constituted exculpatory evidence, the record does not show

that the blood sample possessed "an apparent exculpatory value" to the laboratory at the time it was destroyed. Furthermore, appellant "can assert no more than the mere possibility that further testing could have exculpated him," which is not enough to establish a due process violation. Id. at 242, 585 S.E.2d at 816. Accordingly, the trial court did not violate appellant's due process rights by denying his motion to dismiss.

Expert Witness Testimony

Appellant argues the trial court erred by refusing to allow his expert witness to testify regarding the effects of Ambien on him.

"The admission of expert testimony is committed to the sound discretion of the trial judge, and we will reverse a trial court's decision only where that court has abused its discretion." Brown v. Corbin, 244 Va. 528, 531, 423 S.E.2d 176, 178 (1992). An expert in a criminal case "'may give an opinion based upon his own knowledge of facts disclosed in his testimony or . . . based upon facts in evidence assumed in a hypothetical question.'" Simpson v. Commonwealth, 227 Va. 557, 565, 318 S.E.2d 386, 391 (1984) (quoting Walrod v. Matthews, 210 Va. 382, 388, 171 S.E.2d 180, 185 (1969)).

During *voir dire*, Richard McGarry stated his expert opinion would be based on his review of materials authored by other individuals that addressed the effects of Ambien. McGarry acknowledged he had not performed any tests on appellant and he had not performed any laboratory research on Ambien. Furthermore, as stated above, no laboratory analysis was admitted into evidence addressing the quantity of Ambien, if any, present in appellant's blood at the time of the incident. Moreover, appellant acknowledges in his opening brief that without evidence of the quantity of Ambien in his blood, McGarry's testimony would have been based on speculation. When sustaining the Commonwealth's objection, the trial court ruled that "the expert must testify as to his own personal knowledge." Thus, the evidence showed that McGarry

had insufficient knowledge of the necessary facts to express an opinion in this case, and there were insufficient facts in evidence from which McGarry could base an opinion in this case. Therefore, the trial court did not abuse its discretion by refusing to allow McGarry to testify as to the effects of Ambien on appellant.

*Malum Prohibitum* Issue

Appellant asks in this question presented, "Is hit and run a *malum prohibitum* or *malum in se* crime?"

Appellant contends that the trial court found the crime of hit and run is a *malum prohibitum* crime rather than a *malum in se* crime. He asserts the trial court incorrectly held that knowledge is not an element of the offense. By focusing on a few isolated comments of the trial court and ignoring the context in which they were used, appellant misapprehends the trial court's comments and rulings. "We will not, however, 'fix upon isolated statements of the trial judge taken out of the full context in which they were made, and use them as a predicate for holding the law has been misapplied.'" Bullock v. Commonwealth, 48 Va. App. 359, 368, 631 S.E.2d 334, 338-39 (2006) (quoting Yarborough v. Commonwealth, 217 Va. 971, 978, 234 S.E.2d 286, 291 (1977)).

The record shows that during appellant's closing argument, the trial court asked concerning the indictment, "It's *malum prohibitum* isn't it?" The trial court and appellant's counsel had an exchange regarding the intent element of the offense. The trial court made no finding that the felony hit and run offense is a *malum prohibitum* crime. Furthermore, the trial court specifically found that appellant "drove about a half-mile down the road *knowing* he was in an accident and the airbags had deployed." (Emphasis added.) Therefore, the trial court found the evidence proved the element of knowledge and it did not hold that knowledge is not an element of the offense. Accordingly, appellant's arguments are without merit.

- 7 -

Sufficiency of the Evidence

Appellant contends the evidence was insufficient to prove he committed felony hit and run in violation of Code § 46.2-894 because he was not consciously aware he hit another vehicle or harmed another individual.[2]

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)). We "'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" Blow v. Commonwealth, 52 Va. App. 533, 536, 665 S.E.2d 254, 256 (2008) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980)). "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it." Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999).

In order to be guilty of violating Code § 46.2-894, "'the driver must be aware that harm has been done; it must be present in his mind that there has been an injury; and then, with that in his mind, he must deliberately go away without making himself known.'" Johnson v. Commonwealth, 14 Va. App. 769, 772, 418 S.E.2d 729, 731 (1992) (quoting Herchenbach v. Commonwealth, 185 Va. 217, 220, 38 S.E.2d 328, 329 (1946)). Code § 46.2-894 imposes an

---

[2] Code § 46.2-894 provides, in relevant part:

> The driver of any vehicle involved in an accident in which a person is . . . injured . . . shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . and report his name, address, driver's license number, and vehicle registration number forthwith . . . . The driver shall also render reasonable assistance to any person injured in such accident . . . .

affirmative duty on a driver involved in an accident to stop and provide identification information. Knowledge that the accident occurred is an essential element of the crime. See Herchenbach, 185 Va. at 220, 38 S.E.2d at 329. "[T]he Commonwealth must prove that the defendant possessed actual knowledge of the occurrence of the accident, and such knowledge of injury which would be attributed to a reasonable person under the circumstances of the case." Kil v. Commonwealth, 12 Va. App. 802, 811, 407 S.E.2d 674, 679 (1991).

The trial court found appellant's own testimony, that he knew he had been in an accident, yet he drove approximately one-half mile away from the accident scene with his airbags deployed, was sufficient to find him guilty beyond a reasonable doubt.[3] In addition, Officer Baker testified that appellant's car, which was in the middle of the road, had front end damage, both airbags had deployed, and it was leaking fluids. Officer Baker further testified that appellant stated he was aware that he had been in a "crash" five minutes before the officer reported to the scene. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). We will reject the determinations of the trial court with regard to witness credibility and evidentiary weight only when plainly wrong or without supporting evidence. See Mercer v. Commonwealth, 259 Va. 235, 243, 523 S.E.2d 213, 217 (2000). The evidence presented supported the trial court's findings. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offense.

---

[3] At the trial, appellant conceded that the evidence was sufficient to show the victim was injured in the accident.

Appellant also argues that he was involuntarily intoxicated at the time of the accident. However, appellant did not present this argument to the trial court in his closing argument.[4] "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

For these reasons, we affirm the trial court's judgment and appellant's conviction.

Affirmed.

---

[4] Appellant did not make any motions to strike the evidence or to set aside the verdict. In a bench trial, at the conclusion of all the evidence, the defendant must make a motion to strike, present an appropriate argument in summation, or make a motion to set aside the verdict, in order to preserve the question of the sufficiency of the evidence. See Howard v. Commonwealth, 21 Va. App. 473, 478, 465 S.E.2d 142, 144 (1995).