# CIRCUIT COURT OF THE CITY OF RICHMOND

Carolyn A. Dorman

v.

Atmos Energy Corp. et al.

April 21, 2014

Case No. CL09-3699
and Consolidated Case Nos. CL09-3696,
CL09-3697, CL09-3698, CL09-3700

By Judge Walter W. Stout, III

This matter is before the Court on Defendant Atmos's Motion for Summary Judgment and Motion in Limine To Exclude Plaintiffs' Liability Expert as to Atmos.

This personal injury action arises from a carbon monoxide incident on August 19, 2007, in Apartment F of the Collegiate Suites in Blacksburg, Virginia. Defendant Atmos supplied the natural gas that fueled the gas hot water heating equipment in the Apartment. Plaintiffs allege Atmos was negligent on August 17, 2007, when it connected natural gas service to a defectively manufactured, installed, and maintained gas water heater with knowledge of the defective and dangerous conditions.

## Summary Judgment

Atmos argues that two facts it characterizes as "undisputed" mandate summary judgment: (1) Atmos's representative, Billy Epperly, was in the Apartment on the afternoon of August 17, 2007, for a "very short time," approximately three or four minutes, during which he "lit the pilot light to start the heater and then left," and (2) Epperly "lit the pilot light while both the laundry room door and the front door to the apartment were open." Atmos argues that these facts conclusively establish that Atmos did not have

actual knowledge of a defect in the heater because, according to the Mann Report, more than twenty minutes pass before the TP valve malfunctions and negative pressure only exists with all doors closed.

Summary judgment is a drastic remedy. *Slone v. General Motors Corp.*, 249 Va. 520, 520, 457 S.E.2d 51 (1995). It is only appropriate when "no trial is necessary because no amount of evidence could affect the result." *General Accident Fire & Life Assurance Corp. v. Cohen*, 203 Va. 810, 814, 127 S.E.2d 399 (1962). Summary judgment is not appropriate "if the evidence is conflicting on a material point or if reasonable persons may draw different conclusions from the evidence . . . ." *Fultz v. Delhaize Am., Inc.*, 278 Va. 84, 88, 677 S.E.2d 272 (2009). In considering Atmos's motion, the Court views the facts in the light most favorable to Plaintiffs. See *Carson v. LeBlanc*, 245 Va. 135, 139-40, 427 S.E.2d 189 (1993). Plaintiffs are under no duty to develop their theory of liability during discovery in order to avoid summary judgment. *See O'Brien v. Snow*, 215 Va. 403, 405, 210 S.E.2d 165 (1974); *Owens v. Redd*, 215 Va. 13, 14, 205 S.E.2d 669 (1974); *see also Realstar Realtors v. Glenn*, 56 Va. Cir. 179, 181 (2001) (City of Salem) ("The Supreme Court of Virginia has held that, in a tort action, a plaintiff . . . has no duty, in order to defeat a motion for summary judgment, to fully develop his allegations of negligence during discovery."). In keeping with these principles, Atmos's Motion for Summary Judgment must be denied.

The Mann Report does not preclude the possibility that dangerous defects in the heater were observable while Epperly was in the Apartment. According to the Report a "negative draft was much more evident when the bedroom doors were closed and the air conditioning fan [was] running . . . ." and the T&P valve malfunctioned after twenty minutes, when the water temperature reached 126 °F. Notably, the Report characterizes these conditions as part of a "possible scenario" devised to "determine the possible cause of the carbon monoxide leak and any relationship this may have on other apartments . . . ." Additionally, the Report notes a negative draft present after only five minutes with the air conditioner off. In other words, the Report does not conclusively establish that the conditions relied on by Atmos are the only conditions in which a defect in the heater is apparent. Viewing the evidence in the light most favorable to Plaintiffs, this Court finds that the Mann Report is not conclusive evidence of the defects observable while Epperly was in the Apartment.

Even if the Mann Report were dispositive of the defects observable to Epperly on August 17, 2007, actual knowledge could have been attained by Epperly or Atmos prior to that date. Actual knowledge can be proved by direct or circumstantial evidence. See *Etherton v. Doe*, 268 Va. 209, 212-13, 597 S.E.2d 87 (2004) ("[A]ny fact that can be proved by direct evidence may be proved by circumstantial evidence."). A corporation's actual knowledge can be established through company reports or memoranda. See *Exxon Mobil Corp. v. Minton*, 285 Va. 115, 737 S.E.2d 16 (2013)

(memorandum reporting dangers of asbestos exposure used to establish corporate knowledge of a dangerous condition). Plaintiffs allege Atmos provided gas-related services to the Apartment prior to August 17, 2007. (Compl. ¶ 3.) Logically, Atmos technicians had the opportunity to observe the heater when lighting it on occasions prior to August 17, 2007. Summary judgment is only appropriate when "no amount of evidence could affect the result." *General Accident Fire & Life Assurance Corp.*, 203 Va. at 814. Here, internal documents such as reports, memoranda, or service logs could establish actual knowledge. Viewing all facts and inferences in the light most favorable to Plaintiffs, this Court finds that there are no admissions or pleadings precluding the possibility that Atmos or Epperly attained actual knowledge of defects in the heater prior to August 17, 2007.

For these reasons, the Court finds that material fact issues remain in dispute concerning Atmos's actual knowledge. Accordingly, Atmos's Motion for Summary Judgment is denied.

## Motion in Limine

Atmos asks the Court to exclude from evidence and bar testimony regarding or relating to Atmos by Plaintiffs' liability expert Randy Bicknese.

Whether or not to admit expert testimony is committed to the sound discretion of the trial judge. *Brown v. Corbin*, 244 Va. 528, 531-32, 423 S.E.2d 176 (1992). "Expert testimony is admissible . . . when experience and observation in a special calling give the expert knowledge of a subject beyond that of persons of common knowledge and ordinary experience." *Online Res. Corp. v. Lawlor*, 285 Va. 40, 59, 736 S.E.2d 886 (2013). The testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Norfolk S. Ry. v. Rogers*, 270 Va. 468, 479, 621 S.E.2d 59 (2005) (quoting Va. Code § 8.01-401.3). An expert cannot express an opinion on a "subject on which the ordinary lay person of average intelligence is equally capable of reaching his or her own conclusion." *Brown*, 244 Va. at 531. It is axiomatic that an "expert's opinion [] be relevant to an issue in the case." *Justiss v. Commonwealth*, 61 Va. App. 261, 271, 734 S.E.2d 699 (2012).

In this instance, the Court finds that Mr. Bicknese's testimony concerning what Atmos or its employees should have known does not meet the standard required by law. The standard for Atmos's liability, as a utility provider, is actual knowledge of a dangerous defect in a customer's equipment or appliance beyond the delivery point. *Hegwood v. Virginia Natural Gas*, 256 Va. 362, 369, 505 S.E.2d 372 (1998). Therefore, the evidence concerning what Atmos should have known is irrelevant and improper.

The question of Atmos's actual knowledge is the subject of factual evidence to be determined by the fact-finder and is not a proper subject of expert opinion.

194

Accordingly, Atmos's Motion in Limine is granted in part and denied in part. Mr. Bicknese may not express an opinion as to what Atmos should have known or did know. Mr. Bicknese is not barred from testifying; he may express relevant opinions on subjects beyond common knowledge and ordinary experience.